**Adolph MARTINEZ, a/n/f for Emeterio Saul Corona, Petitioner,**

v.

**Joe PIERCE, d/b/a Pierce Lumber & Tie Co., Respondent.**

No. C–7289.

Supreme Court of Texas.

April 27, 1988.

Rehearing Denied Nov. 23, 1988.

John S. Ament, Jacksonville, for petitioner.

Daniel B. Childs, Norman, Spiers, Thrall, Angle & Guy, Jacksonville, for respondent.

PER CURIAM.

This personal injury action concerns the propriety of an appellate court's retaxing of costs incurred in the trial court. Eme-terio Corona, a minor, was injured while employed by respondent Joe Pierce, d/b/a Pierce Lumber and Tie Company. The injury required an amputation to Corona's forearm. Petitioner Adolph Martinez as next friend for Corona sued Pierce, a non-subscriber to the Texas Workers' Compensation insurance program.

The trial court rendered judgment in favor of Corona for $24,025 and assessed all costs against Pierce. The court of appeals, in an unpublished opinion, held that Pierce was entitled to a credit and reduced the judgment of the trial court by $7,554.50. The court of appeals affirmed the judgment of the trial court as reformed. The court of appeals also retaxed the costs incurred in the trial court, assessing one-half of the costs against Corona and one-half against Pierce. Taxing of costs against the successful party in the trial court is contrary to Rule 131 of the Texas Rules of Civil Procedure.

Pursuant to Rule 133(b) of the Texas Rules of Appellate Procedure, a majority of the court grants the application for writ of error and, without hearing oral argument, we modify the judgment of the court of appeals to tax all costs in the trial court against Pierce. As so modified, the judgment of the court of appeals is affirmed.