Leopold **GUERRA** and wife, Delilah Guerra, Appellants,

v.

**PEREZ & ASSOCIATES,** Appellee.

No. 08–93–00312–CV.

Court of Appeals of Texas, El Paso.

Aug. 4, 1994.

Ken Slavin, Brower & Slavin, El Paso, for appellants.

Mario A. Gonzalez, Juarez, Gonzalez & Peters, L.L.P., C.R. Kit Bramblett, Bramblett & Bramblett, El Paso, for appellee.

Before KOEHLER, LARSEN and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

This is a boundary dispute case. The primary question on appeal deals with the trial court's assessment of costs. Specifically, Appellants contend that the trial court was without good cause in assessing against Appellants one-half of the survey costs incurred by the court-appointed surveyor. We reform the judgment of the trial court and affirm the judgment as reformed.

### HISTORY OF THE CASE

At all pertinent times, the Guerras[1] and Ben and Dora Vance were adjoining landowners. In November, 1985, the Vances, relying on their metes and bounds description, took possession of approximately 70 acres of land which was included in the metes and bounds survey and description of the Guerras' adjoining property. On May 2, 1988, after the Vances refused to vacate the disputed property, the Guerras filed suit to clear title. On August 15, 1989, the Vances filed a Motion to Appoint Surveyor, and the trial court, acting on the motion, appointed Perez & Associates. The Guerras hired their own expert surveyor. On June 11, 1990, Nick Perez[2] filed a Plea in Intervention claiming a pecuniary interest in the outcome of the case and asking that his costs as court-appointed surveyor be assessed against both the Guerras and the Vances.

Trial to the court was held on April 23, 1993. The Vances failed to appear at trial either in person or through counsel, although Perez appeared in person and through counsel. On May 27, 1993, the trial court entered a post-answer default judgment in favor of the Guerras, and also assessed costs as requested by Perez. The trial court thereafter filed its Findings of Fact and Conclusions of

---

1. Appellants Leopold Guerra and Delilah Guerra will be, for purposes of this Opinion, referred to as the Guerras or Appellants.

2. We assume, and there is no contention otherwise, that Nick Perez is representing or is Perez & Associates for purposes of this litigation.

Law in response to requests made by the Guerras and Perez.

The Guerras raise one point on appeal, contending that the trial court erred in assessing, as costs against them, one-half of Perez' survey fees, since good cause did not exist for refusing to assess all fees against the Vances, and the trial court failed to state on the record good cause for assessing a portion of the costs to the Guerras. Perez, raising two reply points and one cross point, responded to Appellants' brief. Perez argues that good cause existed and that the trial court stated on the record good cause for the assessment, yet, Perez also contends that the trial court erred in failing to assess as costs against Appellants 100 percent of the survey costs Perez & Associates incurred.

## DISCUSSION

■ The Guerras argue that under the Texas Rules of Civil Procedure, expenses for a surveyor appointed by the court are generally taxed against the losing party. *Beaumont Irrigating Co. v. De Laune*, 173 S.W. 514 (Tex.Civ.App.—Galveston 1914, no writ); *Whitley v. King*, 581 S.W.2d 541 (Tex.Civ.App.—Fort Worth 1979, no writ). *See also* Tex.R.Civ.P. 796 (trial court may, at its own discretion, or on motion of either party, appoint a surveyor); Tex.R.Civ.P. 131 (successful party is to recover costs); Tex.R.Civ.P. 133 (court may give or refuse costs on motions at its discretion except where otherwise provided by law or these rules). Further, the Guerras contend that the court, without good cause, has no discretion to assess such costs against the Guerras, the prevailing party. Rule 141 holds:

The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules.

Tex.R.Civ.P. 141. Thus, generally, the trial court is to assess those fees against the losing party unless the trial court finds and states good cause on the record. *Dover Elevator Co. v. Servellon*, 812 S.W.2d 366, 367 (Tex.App.—Dallas 1991, no writ).

■ At this point, we find it convenient to discuss the cross point raised by Perez, wherein he contends that the trial court erred in failing to assess all of the surveying fees against the Guerras. Perez proposes that since the trial court honored his request for fees, we should recognize him as the successful litigant. We decline to do so. We find that it is the prevailing plaintiffs and defendants about whom Rule 131 speaks, rather than persons or entities that seek reimbursement of costs incurred as a result of underlying litigation. *Cf., Mixon v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 806 S.W.2d 332, 335 (Tex.App.—Fort Worth 1991, writ denied) ("successful party" refers to one who obtains a judgment vindicating a civil claim of right). The cross point is overruled.

■ In ruling on the assessment issue in the case *sub judice*, the trial court did not broach the issue of good cause, but stated merely, "I do find that Mr. Perez is entitled to recover $11,684.24. I'm going to assess one half of that against the plaintiffs and one half of that against the defendants and find that each party should pay one half and not be jointly and severally liable for the entire amount." In its Findings of Fact and Conclusions of Law, the court found, in pertinent part;

The Court makes the following findings of fact and conclusions of law.

.    .    .    .    .

4. The good cause which was stated on the record necessary to allow the assessment of a portion of the costs against the successful parties, Plaintiffs in this case, as set forth under Rules 131 and 141 of the Texas Rules of Civil Procedure.

The trial court's statements clearly do not set out the basis for the good cause finding on the record. Thus, the trial court has failed to comply with Rule 141. *Dover Elevator Co.*, 812 S.W.2d at 367. Further, a trial court must give the grounds, or explain its rationale for disregarding the policy expressed by Rule 131. *Id.; State v. B & L Landfill, Inc.*, 758 S.W.2d 297, 300 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Adams v. Stotts*, 667 S.W.2d 798, 801 (Tex.

App.—Dallas 1983, no writ). In failing to state the grounds or explain its rationale, we hold that the court acted without reference to guiding rules and principles, its action being arbitrary and unreasonable. Hence, the trial court's failure constituted an abuse of discretion in assessing *any* costs to the Guerras. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

At this point, we would entertain remanding the case to the trial court; however, we have examined the entire record and find that the trial court had no facts before it on which to base a good cause finding for the assessment of costs against the Guerras. *Cf. Contemporary Health Management, Inc. v. Palacios*, 832 S.W.2d 743, 747 (Tex.App.—Houston [14th Dist.] 1992, no writ) (originally remanded "solely for the trial court to state good cause for taxing costs against [Appellant].") Additionally, the arguments of Perez' counsel that the costs should be assessed to both parties since the appointment related to a dispute between both parties, that "it would be a very inequitable thing for this court to award surveyor's fees against a defendant who didn't even come to court," and that the trial court has a duty to provide reasonable assurance to a court-appointed surveyor that the fee will be paid simply do not meet the good cause contemplated by Rule 141.

For the foregoing reasons, we sustain the Guerras' point of error and reform the judgment, assessing all costs incurred by the court-appointed surveyor against Ben Vance and Dora Vance. We affirm the judgment of the trial court as reformed.