**Paul G. SILBER, Jr. and William J. Matthiessen, Appellants,**

v.

**BROADWAY NATIONAL BANK, Appellee.**

No. 04–94–00282–CV.

Court of Appeals of Texas, San Antonio.

May 10, 1995.

Rehearing Overruled May 17, 1995.

Earle Cobb, Jr., San Antonio, for appellants.

Don Krause, Bayne, Snell & Krause, P.C., San Antonio, for appellee.

Before HARDBERGER, DIAL and PEEPLES[1], JJ.

DIAL, Justice.[2]

This appeal involves attorney's fees for a garnishee which were assessed against a judgment debtor. Because the trial judge abused his discretion in assessing the attorney's fees, we will reverse and render.

John Schaefer filed a sworn application for writ of garnishment against Broadway National Bank and others. Schaefer alleged that a judgment had been entered in his favor against Paul Silber. He further alleged that Silber did not possess property in Texas subject to execution sufficient to satisfy the judgment.

---

1. Justice David Peeples not participating.

2. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOVT.CODE ANN. § 74.003(b) (Vernon 1988).

Silber filed a motion to dissolve the writ of garnishment. A hearing was held on the motion at which time Silber offered evidence of sufficient property in Texas subject to execution to satisfy the judgment. At the time of the hearing Broadway had not filed an answer as garnishee. An attorney for Broadway attended the hearing. At the end of the hearing the trial court granted the motion to dissolve the writ. Broadway's attorney stated to the court, "I have spent about $1300 in attorney's fees. I would like to ask the parties if they would stipulate to $500 bucks." No evidence was offered as to what work was done to generate $1300 in attorney's fees or which party necessitated the work.

In the absence of a stipulation, the court ordered $500 to be split equally between Schaefer and Silber. The court stated no reason in the record for his decision. A written order was prepared by Silber's attorney dissolving the writ of garnishment but omitting any mention of the award of attorney's fees to Broadway. The order was signed by the court. Schaefer paid the $250 attorney's fees. Silber did not.

Broadway filed a motion for new trial and upon hearing the court entered a modified order dissolving the writ of garnishment and assessing attorney's fees of $250 against Schaefer and $1500 against Silber.[3] From that order assessing attorney's fees Silber appeals.

■■■ Silber contends that the trial court was in error to charge any of Broadway Bank's attorney's fees against him. Silber relies on Texas Rule of Civil Procedure 677

as requiring the court to tax all of Broadway's attorney's fees to Schaefer, the plaintiff in the underlying suit. The rule states that where the garnishee is discharged upon his answer, the garnishee's attorney's fees shall be taxed against the plaintiff. This is not our fact situation. Here the garnishee had not answered at all when the garnishment proceeding was dissolved. Broadway was not discharged upon its answer. Rule 677 is inapplicable. The rule does show that the rule maker thought if the garnishee did no more than answer, then the plaintiff who initiated the proceeding should bear all the garnishee's costs. This gives little help under our facts.

Broadway concedes that the general rule is that costs, such as attorney's fees, are assessed against the unsuccessful party. Tex. R.Civ.P. 131.

There is common law authority that the party that initiates ancillary proceedings should bear the costs of those proceedings. *See Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 294 (1959) (where the party who invoked the remedy of a receivership was held to assume the risks of the costs, since the other party derived no real benefit from the receivership.)

Broadway contends that this case should be governed by Texas Rules of Civil Procedure 141. This rule permits a trial court, for good cause stated in the record, to adjudge costs other than as provided by law or the rules of procedure. The example cited is *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex.1985), where the prevailing party was nevertheless assessed one-half of the guardian ad litem fees. The trial court de-

**3.** The Court included in the second order as reasons for the assessment of the costs as follows:
  1. Judgment Debtor filed a defective or insufficient supersedeas bond in Cause No. 90–CI–01432, which bond was rejected by the Clerk of the Court;
  2. The first hearing of the Motion to Dissolve Writ of Garnishment was postponed at Judgment Debtor's request after the appearance of Garnishee's attorney at the hearing;
  3. The second hearing set upon Judgment Debtor's Motion to Dissolve Writ of Garnishment was postponed by agreement of Judgment Debtor and Garnishor's attorneys after appearance of Garnishee's attorney;

**4.** Judgment Debtor's attorney drafted a proposed order Dissolving Writ of Garnishment contradictory to the order rendered by the Court regarding the costs of Garnishee, failed to submit the proposed order to Garnishee's attorney for his approval, and failed and refused to pay the sums rendered against Judgment Debtor by the order of this court despite the request of Garnishee through its attorney;

**5.** Garnishor paid in full the sums ordered by this court to be paid by Garnishor as costs of Garnishee.

termined that Walmart unnecessarily prolonged the trial as part of its trial strategy and thereby increased the cost.

■ This case gives us the applicable standard of review. Rule 141 permits a trial court to assess costs on a prevailing party for good cause shown on the face of the record. An appellate court should scrutinize the record on a case-by-case basis to see if it supports the trial judge's decision. Unless the record demonstrates an abuse of discretion, the trial judge's assessment of costs should not be disturbed on appeal. *Ibid.*

■ In our own case Silber was the prevailing party on his motion to dissolve garnishment. At the time $250 partial attorney's fees were ordered assessed against Silber, the trial court did not state good cause on the record. The written order signed by the judge was silent as to attorney's fees or as to good cause for adjudging them. We have carefully reviewed the record as it existed when the first order was entered. We conclude that good cause is not shown for assessing the attorney's fees to Silber.

■ Silber did not initiate or benefit from the garnishment proceedings. He did nothing to increase the cost. He filed a motion for dissolution of the writ, which was permitted under Texas Rules of Civil Procedure 664a. He agreed to an extension of time for a hearing on the motion because Schaefer's attorney was out of town. This is specifically permitted by Rule 664a. Finally, Silber prevailed on his motion. We conclude that the trial judge's taxing Silber with $250 for Broadway's attorney's fees without stating his reasons in the record was an abuse of discretion. *State v. B & L Landfill, Inc.,* 758 S.W.2d 297, 300 (Tex.App.—Houston [1st Dist.] 1988, no writ).

While we do not approve of the later actions of the attorneys for Silber and Broadway, the erroneous order of the trial court exacerbated the subsequent proceedings. Silber's attorney demonstrated his disagreement with the court's order by simply ignoring it. The court responded at a hearing on a motion for new trial filed by Broadway by increasing the erroneous order from $250 to $1500. Broadway prepared a second order that attempted to satisfy the "good cause" requirement after the fact. We conclude it failed to do so.

■ The fact that Silber did not file an adequate supersedeas bond is irrelevant to the garnishment proceedings and assessment of attorney's fees. That the attorneys agreed to reset a hearing did not increase the cost to Broadway as Broadway was not a necessary party at the hearing on the motion to dissolve the garnishment. There was no reason for Broadway to attend the hearing except to generate attorney's fees. The matter in which Silber's attorney drew up the first order and failed to pay the sums ordered were events that occurred after the erroneous order and could not amount to good cause for the order. The fact that Schaefer paid his part of the attorney's fees after the order of the court, is not good cause for entry of the order.

■ We regard the second order of the court as punishment for Silber's failing to comply with the prior erroneous order. We conclude that the trial court's action in this regard was without reference to any guiding rules or principles and was likewise an abuse of discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–242 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

The order of the trial court assessing $250 as costs and expenses of garnishee Broadway National Bank payable by Silber is reversed. The order of the trial court assessing $1500 as costs and expenses of Broadway payable by Silber is reversed. It is here ordered that nothing is to be paid to Broadway National Bank by Paul G. Silber, Jr.