**FURR'S SUPERMARKETS, INC., Petitioner,**

v.

**Marthana BETHUNE, Respondent.**

No. 00–0846.

Supreme Court of Texas.

Submitted April 18, 2001.

Decided June 28, 2001.

Mark C. Walker, Steven L. Hughes, Mounce Green Myers Safi & Galatzan, El Paso, petitioner.

Dennis L. Richard, Richard Cobb & Hall, El Paso, for respondent.

Justice ENOCH delivered the opinion of the Court, joined by Chief Justice PHILLIPS, Justices HECHT, OWEN and JFFFERSON.

In this case the trial court did not assess court costs against Marthana Bethune, the losing party, and for Furr's, the prevailing party, as Texas Rule of Civil Procedure 131 requires.[1] The trial court relied on Rule 141, which permits a "good cause" exception to Rule 131 that is "to be stated on the record."[2] Furr's asserts that the "good cause" the trial court stated on the record was not good cause as a matter of law, and therefore, the trial court abused its discretion. The court of appeals affirmed the trial court's judgment. Because the record doesn't show good cause, we disagree, and reverse the court of appeals' judgment.

After Bethune was assaulted and her purse stolen in one of Furr's Supermarkets' parking lots, she sued Furr's for failure to provide adequate security. Although the jury did not find that any negligence by Furr's caused her harm, the trial court had each party bear its own costs contrary to Rule 131.

The only court reporter's record we have is of the hearing to determine assessment of court costs. During that hearing, Bethune advanced two grounds—that she was emotionally fragile and that she couldn't pay the court costs—as "good cause" to have the parties bear their own costs under Rule 141. Those are the only two grounds we will consider on appeal.[3] At the hearing, the trial court noted Bethune's emotional outbursts and threats of suicide and stated that it "was not going to be the one to precipitate any further emotional problems for [Bethune]." On appeal, the court of appeals affirmed the trial court's ruling because "[the trial court] was entitled to consider several factors in the record, [it] adequately stated [its] reasoning, and [its] finding of good cause was not an abuse of discretion."[4] But the court of appeals erred.

■ Rule 131 requires the trial court to order that the winning party recover its costs from the losing party, allowing a trial court to order otherwise only "for good cause, to be stated on the record."[5] Taxing costs against a successful party in the trial court, therefore, generally contravenes Rule 131.[6] Yet the trial court's ruling on costs under Rule 141 is permitted within its sound discretion,[7] although that discretion is not unlimited.[8]

■ Rule 141 has two requirements— that there be good cause and that it be stated on the record.[9] "Good cause" is an elusive concept that varies from case to

1. Tex.R. Civ. P. 131.

2. Tex.R. Civ. P. 141.

3. See Silber v. Broadway Nat'l Bank, 901 S.W.2d 672, 675 (Tex.App.—San Antonio 1995, writ denied).

4. —— S.W.3d ——.

5. Operation Rescue–Nat'l v. Planned Parenthood of Houston and Southeast Texas, Inc., 937 S.W.2d 60, 86–87 (Tex.App.—Houston [14th Dist.] 1996), aff'd as modified, 975 S.W.2d 546 (Tex.1998); Tex R. Civ. P. 141.

6. Martinez v. Pierce, 759 S.W.2d 114, 114 (Tex.1988).

7. Rogers v. Walmart Stores, Inc., 686 S.W.2d 599, 601 (Tex.1985).

8. See Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (.1939).

9. Tex.R. Civ. P. 141.

case.[10] Typically though, "good cause" has meant that the prevailing party unnecessarily prolonged the proceedings, unreasonably increased costs, or otherwise did something that should be penalized.[11] Here, the trial court stated it was having the parties pay their own costs to avoid its causing Bethune emotional harm. Potential emotional harm caused by a judge assessing costs against the losing party as Rule 131 requires cannot, as a matter of law, be good cause. Stress associated with litigation is an unavoidable consequence of the adversarial process. But trial courts have tools to minimize the strain attendant to a lawsuit. The court may, for example, recess the hearing or postpone the ruling if circu stances suggest that a party is unable to proceed · ᵒmotional reasons. A court must not deciᴜe wheth ᵕ apply a rule of procedure basᵥ ᐦ on whether a particular litiᵣᵔⁿt wᵥ_ld suffer emotionally.

■ Regarding th ᐧ cond element of Rule 141—cause "stated on th record"—Bethune complains that Furr's only brought forward a limited ʳecord. She cites authority holding that appellatᴇ courts must scrutinize the record to decide whether there is any evidence tᴏ support the trial court's "good cause" statement.[12] And she argues that because of the limited record, we must affirm the court of appeals.[13] We disagree.

Our rules of appellate procedure authorize limited appeals.[14] If properly limited, a party may request a partial reporter's record, in which event the appellate court must presume that the partial reporter's record "constitutes the entire record for purposes of reviewing the stated points or issues." [15] But Bethune argues that Furr's failed to strictly comply with the rule, and that we should presume that the record supports the trial court's judgment, because "neither the notice of appeal nor the request for a partial reporter's record contain 'any statement of the points or issues to be presented on appeal.' "

While it is true that Furr's record request does not itself contain a statement of points to be presented on appeal, we have rejected the argument that a request for a partial record must incorporate a statement of issues in, rather than with, the request.[16] Here, Furr's notified Bethune, on the same day it requested a partial reporter's record, that "FSI desires to appeal only Judge Ferguson's failure to award FSI its taxable court costs, pursuᵤnt to Tex.R. Civ. P. 131 and Tex. Civ. Prac. & Rem.Code § 31.007." That notice is sufficient to invᵒke the partial reporter's record constitutes the "entire record" for purposes of reviewing the stated issue. At that point, it became Bethune's responsibility to designate any other part of the reporter's record she deemed relevant to the costs issue.[17] She did not do so.

■ The trial court declared that Bethune's fragile emotional state was the rea-

---

10. *See Rogers,* 686 S.W.2d at 601.

11. *See id.; see also Operation Rescue–Nat'l,* 937 S.W.2d at 88; *Texas Dep't of Transp. v. Pirtle,* 977 S.W.2d 657, 658 (Tex.App.—Fort Worth 1998, no pet.); *State v. Castle Hills Forest, Inc.,* 842 S.W.2d 370, 373 (Tex.App.—San Antonio 1992, writ denied).

12. *Rogers,* 686 S.W.2d at 601.

13. *See, e.g., Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968); *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990).

14. TEX.R.APP. P. 34.6(c)(1).

15. TEX.R.APP. P. 34.6(c)(4).

16. *See Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991).

17. TEX.R.APP. P. 34.6(c)(2).

son it would not assess court costs against her. As we have concluded, potential harm to a party's emotional state from applying a procedural rule cannot be good cause as a matter of law. And in this limited record, the only other basis Bethune raised for not assessing costs as Rule 131 directs is that she couldn't pay the costs. Just as potential emotional harm to a litigant caused by enforcing the rules is not good cause, neither is the party's inability to pay court costs.[18] "If financial inability to pay was 'good cause' then, contrary to rule 131, the winner—not the loser—of a lawsuit would often be in a better position to pay the costs."[19]

In the record before us, we have Bethune's assertions and the trial court's observations and statement that Bethune would be emotionally harmed if court costs were assessed against her. Otherwise, we have only Bethune's assertion that she cannot pay the court costs. Because these causes are not good cause as a matter of law and because Bethune points us to no other "good cause" that she argued to the trial court, we conclude that the trial court abused its discretion.

❖    ❖    ❖    ❖    ❖    ❖

Rule 131's underlying purpose is to ensure that the prevailing party is freed of the burden of court costs and that the losing party pays those costs. Any litigation is emotionally wrenching for the individuals involved. And court costs are often financially burdensome. This is precisely why Bethune's reasons cannot be good cause to release her from her responsibility. Rather, Rule 141's good cause exception to the mandate of Rule 131 is designed to account for a prevailing party's questionable conduct that occurs during litigation, permitting the trial

judge some discretion to reassess costs so that the cost attendant to that conduct is not visited on an innocent, but losing party. We reverse the court of appeals' judgment and assess costs in this case as Rule 131 requires.

Justice BAKER dissented, joined by Justice HANKINSON and Justice O'NEILL.

Justice BAKER, joined by Justice Hankinson and Justice O'NEILL, dissenting.

Today, the Court holds that potential emotional harm a trial court may cause a party in assessing costs can never be, as a matter of law, good cause for ordering each party to pay their own costs under Rule 141. In doing so, the Court ignores the limited parameters of its review under an abuse-of-discretion standard. Because there is some evidence in the record to support the trial court's good-cause statement, the Court has improperly substituted its judgment for the trial court's judgment. I dissent.

### I. APPLICABLE LAW

Typically, unless otherwise provided, the successful party in a suit shall recover costs from the opposing party. TEX.R. CIV. P. 131. The trial court may, however, "for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." TEX.R. CIV. P. 141.

This Court has recognized that " '[g]ood cause' [under Rule 141] is a very elusive concept which can only be determined on a case-by-case basis." *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex. 1985). As a result, we have instructed appellate courts to "scrutinize the record"

---

**18.** *Adams v. Stotts,* 667 S.W.2d 798, 801 (Tex. App.—Dallas 1983, no writ).

**19.** *Id.*

to determine if it supports the trial court's taxing some or all costs against the prevailing party. *Rogers,* 686 S.W.2d at 601. And "[u]nless the record demonstrates an abuse of discretion, the trial judge's assessment of costs for good cause should not be disturbed on appeal." *Rogers,* 686 S.W.2d at 601.

After *Rogers,* courts of appeals have essentially taken three different approaches when reviewing a trial court's decision to assess costs under Rule 141. Some courts have held that a trial court abuses its discretion in assessing costs against the winning party if the trial court did not explain or state on the record the grounds or rationale for finding good cause. *See, e.g., Howell Crude Oil Co. v. Donna Refinery Partners,* 928 S.W.2d 100, 112 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *State v. B & L Landfill, Inc.,* 758 S.W.2d 297, 300 (Tex.App.—Houston [1st Dist.] 1988, no writ). But other courts, when the trial court does not state good cause on the record, examine the record despite this omission to determine if the trial court intended to deviate from the general rule and if this was an abuse of discretion. *See, e.g., Allen v. Crabtree,* 936 S.W.2d 6, 9–10 (Tex.App.—Texarkana 1996, no writ); *Silber v. Broadway Nat'l Bank,* 901 S.W.2d 672, 675 (Tex.App.—San Antonio 1995, writ denied); *cf. Howell v. Hecht,* 821 S.W.2d 627, 632–33 (Tex.App.— Dallas 1991, writ denied) (affirming trial court's assessing costs against losing party after reviewing the record and finding no intention to deviate from the general rule). Still, in other cases, when a trial court does not state good cause on the record, courts remand the case to the trial court so it can have the opportunity to do so. *See, e.g.,Contemporary Health Mgmt., Inc. v. Palacios,* 832 S.W.2d 743, 745–47 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Dover Elevator Co. v. Servellon,* 812 S.W.2d 366, 368 (Tex.App.—Dallas 1991,

no writ); *cf. Guerra v. Perez & Assocs.,* 885 S.W.2d 531, 533–34 (Tex.App.—El Paso 1994, no writ) (holding that trial court abused its discretion by not stating good cause on record, but recognizing that the court would have considered remanding the case to the trial court to do so if there were facts in the record supporting the Rule 141 cost assessment).

Although these courts have taken varying approaches, they have all applied the standard of review this Court has established for Rule 141 cases—whether the trial court abused its discretion. *Rogers,* 686 S.W.2d at 601. Under an abuse-of-discretion standard, an appellate court cannot overrule a trial court's decision unless the trial court acted unreasonably, arbitrarily, or without reference to guiding rules or principles. *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998); *Beaumont Bank v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991). A trial court does not abuse its discretion if some evidence supports the trial court's decision. *Davis v. Huey,* 571 S.W.2d 859, 863 (Tex.1978); *see also Estrello v. Elboar,* 965 S.W.2d 754, 758 (Tex. App.—Fort Worth 1998, no pet.); *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex.App.— Houston [1st Dist.] 1993, writ denied).

## II. ANALYSIS

In this case, Furr's received a favorable jury verdict. Then, at a post-trial hearing, the trial court determined that each party should bear its own costs. Furr's initiated a partial appeal, as our appellate rules permit, complaining about the trial court's assessing its own costs—about $4,500— against it under Rule 141. *See* Tex.R.App. P. 34.6(c). Furr's provided the Court with the transcript from the hearing assessing costs, and Bethune did not designate any additional record for the appeal. *See* Tex. R.App. P. 34.6(c)(2).

Traditionally, appellate courts review the entire record to determine whether a trial court abused its discretion. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex.1996); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987). Thus, before the appellate rules were amended in 1997, a trial court's decision could not be reviewed with only a partial record "[w]hen an appellant raise[d] a legal or factual sufficiency challenge." *See Land v. AT & S Transp., Inc.*, 947 S.W.2d 665, 667 (Tex.App.—Austin 1997, no writ) (refusing to review trial court's sanctions order under partial record). But, as the Court recognizes, Rule 34.6 now expressly permits a partial record for legal or factual sufficiency issues. TEX.R.APP. P. 34.6(c)(4). And, even when the complaint is about the evidence's legal or factual sufficiency, we presume that the partial record is the entire record for purposes of reviewing the appeal. TEX.R.APP. P. 34.6(c)(4). Accordingly, in this case, we must presume the limited record before us is the entire record for this appeal.

In holding that trial court determinations about assessing costs under Rule 141 must be reviewed on a case-by-case basis, we have recognized that appellate courts should not categorically assess whether a reason is "good cause" as a matter of law. *See Rogers*, 686 S.W.2d at 601. The Court, however, ignores this principle and holds that emotional harm a trial court may cause a party in assessing costs can never be, as a matter of law, good cause. The Court's holding also disregards its role as the reviewing court applying an abuse-of-discretion standard. Under this standard, appellate courts defer to trial courts' decisions on discretionary matters unless the trial court could reasonably have reached only one decision or the trial court improperly applies the law to the facts of the case. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). And, when

reviewing matters committed to the trial court's discretion, such as a decision that there is good cause to assess costs under Rule 141, the reviewing court cannot substitute its judgment for the trial court's judgment even if it would have reached a contrary conclusion. *See Walker*, 827 S.W.2d at 839; *Beaumont Bank*, 806 S.W.2d at 226.

Even operating under the presumption that the limited record is the entire record for this appeal, it is clearly erroneous for this Court to hold that the trial court abused its discretion in requiring Furr's to pay its own costs. There is some evidence to support the trial court's good-cause statement for assessing costs under Rule 141. *See Davis*, 571 S.W.2d at 863; *Estrello*, 965 S.W.2d at 758; *Holley*, 864 S.W.2d at 706. At the post-trial hearing, the trial court noted Bethune's previous emotional outbursts and suicide threats, and it considered argument that a third party had asked police officers to attend the hearing in case Bethune harmed herself. Further, the trial court heard argument that Bethune's income is derived from a disability pension. The trial court was also reminded about the evidence and expert testimony at trial showing Bethune's fragile emotional state. Throughout the hearing, the trial court and the parties' attorneys referred to conversations and conduct off the record that arguably demonstrated Bethune's emotional state. And Bethune spoke out several times during the hearing, often incoherently, displaying her distress and anxiety.

When the hearing concluded, the trial court determined that it was "not going to be the one to precipitate any further emotional problems for [Bethune]," and it thus ordered that each party bear their own costs. Despite this good-cause statement on the record, and despite the evidence in the partial record supporting that state-

ment, the Court holds that a judge's fear that assessing costs will cause a party emotional harm is not, as a matter of law, good cause. The Court reasons that, this is so because "stress associated with litigation is an unavoidable consequence of the adversarial process." At 377. It also reasons that "[j]ust as potential emotional harm to a litigant caused by enforcing the rules is not good cause, neither is the party's inability to pay court costs." At 378.

I do not disagree that parties may suffer stress resulting from litigation. And I do not disagree that it is within a trial court's discretion to determine that a losing party's economic status is not good cause to assess costs against the winner. But the Court's reasoning ignores our guiding principle in Rule 141 cases that " '[g]ood cause' is a *very elusive concept* which can only be determined on a *case-by-case basis.*" *Rogers,* 686 S.W.2d at 601 (emphasis added). This precludes the Court from determining that something is not "good cause" when there is some evidence to support the trial court's decision.

Here, there is evidence in the record showing that Bethune was emotionally fragile and that Bethune was in fact extremely distressed and upset. Notably, even Furr's does not dispute that Bethune suffered from real and severe emotional distress. Further, there is evidence that the trial court considered other events that occurred previously or off the record. As the court of appeals concluded, the trial court was entitled to consider all these factors, and it adequately stated its reasoning as Rule 141 requires. —— S.W.3d at ——.

This case exemplifies why trial courts have discretion under Rule 141 and why appellate courts, when applying an abuse-of-discretion standard, should not micromanage and substitute their judgment for the trial court's judgment. Trial courts have first-hand knowledge about the parties and their conduct throughout the litigation, and they witness the daily events of trial. Thus, trial courts typically have the most insight when determining how to assess costs. Here, the trial court was in the best position to appreciate the situation and to make the ruling it did. And the trial court determined under the record and within its discretion that requiring Furr's to pay its own costs was the ruling to make. The Court opines that recessing the hearing would have resolved the situation better. But this suggestion is nothing more than a reviewing court exercising discretion it does not have. Because there is some evidence supporting the trial court's good-cause statement, as the reviewing court, we may not disturb the trial court's cost assessment on appeal. *Rogers,* 686 S.W.2d at 601; *Davis,* 571 S.W.2d at 863.

Finally, the Court concludes that "Rule 141's good cause exception to the mandate of Rule 131 is designed to account for a prevailing party's questionable conduct that occurs during litigation, permitting the trial judge some discretion to reassess costs so that the cost attendant to that conduct is not visited on an innocent, but losing party." at 378. In so concluding, the Court improperly defines and limits what can be "good cause," again wholly ignoring Texas jurisprudence to the contrary. *Rogers,* 686 S.W.2d at 601 (" 'Good cause' is a very elusive concept which can only be determined on a case-by-case basis."). Now, a trial court can only apply Rule 141 based on a party's misconduct during litigation. The bottom line is the Court has implicitly overruled *Rogers.*

## III. CONCLUSION

In determining whether the trial court abused its discretion, this Court exercises

discretion it does not have to step in and "fix" what it perceives to be a wrong or unfair decision. This is improper because there is some evidence in the record to support the trial court's Rule 141 cost assessment. Thus, I would affirm the court of appeals' judgment. Because the Court concludes otherwise, I dissent.