Affirmed and Memorandum Opinion filed March 16, 2006









Affirmed and Memorandum Opinion filed March 16, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00155-CV

_______________

 

SHERRIL STRINGFELLOW, Appellant

 

V.

 

JOHN FONTENOT and TRACEY LONG,
Appellees



_____________________________________________________



 

On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 779,244



_____________________________________________________



 

M E M O R A N D U M  
O P I N I O N

 

Sherril
Stringfellow appeals a judgment entered in favor of John Fontenot and Tracey
Long on the grounds that the trial court erroneously based the judgment on: (1)
Chapter 10 (Achapter 10") of the Civil
Practice and Remedies Code (ACPRC@) and Texas Rule of Civil Procedure 215.2(b) (Arule 215.2(b)@); and (2) incorrect findings of fact
and conclusions of law.  We affirm.








In
2002, Long and Fontenot took Fontenot=s watch to a jewelry store for
repair.  When Stringfellow, an employee
of the store, later denied waiting on Fontenot or knowing about the watch,
Fontenot called the police and Stringfellow was later arrested and charged with
theft.  After the theft prosecution was
dismissed, Stringfellow filed suit against Fontenot and Long, alleging libel
per se,[1]
slander per se, and malicious prosecution. 
Fontenot and Long filed counterclaims alleging, as relevant to this
appeal, that Stringfellow=s claims had no basis in law. 
Following a bench trial, the trial court rendered a judgment expressly
denying Stringfellow=s claims and awarding Fontenot and Long attorney=s fees and costs of court.[2]

Stringfellow=s first issue contends that the trial
court erred by basing its judgment on chapter 10 or rule 215.2(b) because this
case did not involve a discovery dispute.

The
judgment in this case states, in part:

Further, the Court and [sic] announced its decision for
Defendants, John Fontenot and Tracey Long, as to their counter-claims against
Plaintiff, Sherril Stringfellow, pursuant to Chapter 10 of the Texas Civil
Practices & Remedies Code, and Texas Rule of Civil Procedure 215.2(b).

 

*          *          *          *

The Court orders that Defendants, John Fontenot and
Tracey Long[,] recover attorney=s fees in the sum of $1,500.00 and costs of Court.

 

In this regard,
one of the trial court=s conclusions of law states that Stringfellow=s action had no basis in law.  The findings of fact also state A[t]hat the services performed by
David Anderson were necessary for the defense of this litigation on behalf of
Fontenot and Long@ and A[t]hat $1,500.00 is a reasonable and customary fee for
services performed by an attorney of David Anderson=s experience in Harris County,
Texas[,] such as those performed in the defense of this action.@








A
party cannot recover attorney's fees from an opposing party unless permitted by
statute or by contract between the parties. 
Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 95 (Tex.
1999).  In this case, there is no
indication of a contract between the parties providing for attorney=s fees.  Additionally, the record does not reflect any
failure to comply with a discovery request or order, as would have been
necessary to award attorney=s fees under rule 215.2(b). 
See Tex. R. Civ. P. 215.2(b)(8).  

However,
Fontenot and Long=s counterclaim (asserting that Stringfellow=s claims had no basis in law) sought
sanctions under CPRC section 10.004 (Asection 10.004@). 
Section 10.004 allows a trial court to impose sanctions, including
attorney=s fees, if it determines that a
person has signed a pleading in violation of CPRC section 10.001[3]
(providing that the signing of a pleading is a certification that each claim
asserted is warranted by existing law).  Tex. Civ. Prac. & Rem. Code Ann. '' 10.001(2), 10.004(a), (c)(3) (Vernon
2002).[4]
Therefore, the mere fact that this case involved no discovery dispute did not
preclude the trial court from basing its judgment on chapter 10, as
Stringfellow=s first issue contends.  Accordingly, it is overruled.








Stringfellow=s second issue argues that the trial
court erred in basing its judgment on incorrect findings of fact 1 and 7, which
state: AThat on March 2, 2002 Fontenot went
to Bay Area Jewelers to have his watch resized,@ and AThat Stringfellow lied to the police
officer when she denied having waited on Fontenot,@ respectively.  Stringfellow=s third issue similarly asserts that
the trial court erroneously based its judgment on incorrect conclusions of law
1 and 6, which state: AThat neither Fontenot nor Long published a statement that was
false regarding Stringfellow,@ and AThat Stringfellow=s action against Fontenot and Long
had no basis in law,@[5] respectively.  However, in addition to these findings of
fact and conclusions of law, which Stringfellow challenges, the trial court
also entered the following findings and conclusions, which she does not
challenge:

Findings
of fact:

3. That when Fontenot asked her when his watch would
be ready, Stringfellow denied ever waiting on Fontenot.

 

5. That St[r]ingfellow, when being interviewed by the
police, denied ever waiting on Fontenot.

 

6. That when the investigating officer viewed the
store=s surveillance video, he determined that Stringfellow
had in fact taken Fontenot=s watch.

 

8. That the District Attorney prosecuted Stringfellow
for theft based upon her denial of waiting on Fontenot and the contradictory
surveillance video.

 

Conclusions
of law:

2. That neither Fontenot nor Long acted with malice in
publishing any statements regarding Stringfellow.

 

3. That neither Fontenot nor Long initiated or
procured a criminal prosecution against Stringfellow.

 

4. That neither Fontenot nor Long acted with malice in
reporting Fontenot=s watch stolen to the Houston Police Department.

 

5. That Fontenot and/or Long=s reporting suspected criminal activity is privileged
communication.








Because
Stringfellow=s brief does not challenge these
findings[6]
and conclusions or demonstrate that the trial court=s judgment is in error even if they
are correct, it provides no basis to conclude that the denial of her claims
should be reversed notwithstanding these findings and conclusions.  Accordingly, Stringfellow=s second and third issues are
overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed March 16, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

 

 











[1]           On
appeal, Stringfellow does not challenge the denial of her libel claim.





[2]           To the
extent that Stringfellow is challenging the portion of the judgment awarding
court costs, the taxing of such costs is governed by Texas Rule of Civil
Procedure 131, not chapter 10 or rule 215. See Tex. R. Civ. P. 131; Furr=s Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 376 (Tex. 2001).  Because Stringfellow does not contend that
the award of costs was improper with regard to any aspect of rule 131, she
provides us no basis to find error on that part of the judgment.

 





[3]           Monetary
sanctions for a violation of section 10.001(2), requiring each claim to be
warranted by existing law, may be imposed only against the person signing the
pleading, not a party represented by that person.  Tex.
Civ. Prac. & Rem. Code Ann. ''
10.001(2), 10.004(d) (Vernon 2002). 
However, appellant did not raise in the trial court or on appeal any
complaint concerning this restriction or any other statutory requirements for a
section 10.004 sanction.





[4]           Rule
13 similarly allows a trial court to impose the sanctions available under rule
215.2(b), including attorney=s fees for signing a pleading that is groundless.  See
Tex. R. Civ. P. 13.





[5]           Stringfellow
contends that these conclusions of law are incorrect because the only testimony
in the record is that Fontenot falsely told the police officer in Stringfellow=s presence that Stringfellow stole his watch.  Stringfellow asserts that such a statement
imputing a person with criminal conduct is slander per se; and that although
truth is a defense, Fontenot and Long did not present that defense.





[6]           See
McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986) (noting that
unchallenged findings of fact are binding on an appellate court unless the
contrary is established as a matter of law, or if there is no evidence to
support the finding.).