ACCEPTED
01-15-00301-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/30/2015 4:58:13 PM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00301-CV**

_____

IN THE
COURT OF APPEALS
FOR THE
FIRST SUPREME JUDICIAL DISTRICT
OF
TEXAS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/30/2015 4:58:13 PM

CHRISTOPHER A. PRINE
Clerk

_____

**DAVID M. DIGGS,**
**Appellant,**


**vs.**


**VSM FINANCIAL, L.L.C.,**
**Appellee.**

_____

**Appeal from the County Civil Court At Law No. 1**
**of Harris County, Texas**

_____

**BRIEF OF APPELLANT**

_____


**WILLIE & ASSOCIATES, P.C.**

**Joseph R. Willie, II, D.D.S., J.D.**
**4151 Southwest Freeway, Suite 490**
**Houston, Texas 77027**
**(713) 659-7330**
**(713) 599-1659 (FAX)**
**SBOT# 21633500**
**attyjrwii@wisamlawyers.com**

**ATTORNEY FOR APPELLANT**
**DAVID M. DIGGS**


**ORAL ARGUMENT REQUESTED**

_____

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

PARTIES                                              COUNSEL

Appellant:
David M. Diggs                                       Willie & Associates, P.C.
                                                     Joseph R. Willie, II, D.D.S., J.D.
                                                     4151 Southwest Freeway, Suite 490
                                                     Houston, Texas 77027
                                                     Trial and Appellate Counsel for Appellant

Appellee:
VSM Financial, L.L.C.                                Jenkins, Wagnon & Young, P.C.
                                                     Dan G. Young, Esquire
                                                     P.O. Box 420
                                                     Lubbock, Texas 79408
                                                     Trial Counsel for Appellee

# TABLE OF CONTENTS

Page

INDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     v

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     v

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2

I.      The trial court erred by not awarding the Defendant his costs of
court as the prevailing party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

APPENDIX

Appendix 1 – Final Summary Judgment of the trial court signed on
February 25, 2015.

# INDEX OF AUTHORITIES

Page(s)

**CASES:**

*Furr's Supermarkets, Inc. v. Bethune,*
      53 S.W.3d 375 (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      2, 3

*Imperial Lofts, Ltd. v. Imperial Woodworks, Inc.,*
      245 S.W.3d 1 (Tex. App.--Waco
      2007, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      3

*Roberts v. Williamson,*
      111 S.W.3d 113 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      2, 3


**RULES AND STATUTES:**

TEX. R. APP. P. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      4

TEX. R. CIV. P. 131 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      2, 3

TEX. R. CIV. P. 141 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      2, 3

## STATEMENT OF THE CASE

*Nature of the Case:*        This is a breach of contract cause of action brought by VSM Financial, L.L.C.

*Trial Court:*        The Honorable Debra I. Mayfield, County Civil Court At Law No. 1, Harris County, Texas.

*Parties in Trial Court:*        VSM Financial, L.L.C. – Plaintiff; David M. Diggs – Defendant.

*Trial Court Disposition:*        Final Summary Judgment rendered in favor of the Defendant.

## ISSUE PRESENTED

The trial court erred by not awarding the Defendant his costs of court as the prevailing party.

# STATEMENT OF THE FACTS

On April 14, 2014, the Plaintiff filed its Original Petition alleging a breach of contract by the Defendant. (C.R. 4-6.) On July 24, 2014, the Defendant filed his Original Answer which alleged a general denial and the affirmative defenses of the statute of limitations and laches. (C.R. 7-9.)

On September 29, 2014, the Plaintiff filed its Motion for Summary Judgment. (C.R. 9-71.) On October 2, 2014, the Defendant filed his Response and Cross-Motion for Summary Judgment. (C.R. 72-78.) On October 10, 2014, Plaintiff filed its Response to Defendant's Cross-Motion for Summary Judgment. (C.R. 80-86.)

On February 25, 2015, the trial court granted the Defendant's Cross-Motion for Summary Judgment and denied the Plaintiff's Motion for Summary Judgment, however, the trial court failed to award the Defendant his costs of court as the prevailing party. (C.R. 88.)

On March 27, 2015, the Defendant filed his Notice of Limitation of Appeal to perfect his appeal to the Court of Appeals for the First Supreme Judicial District of Texas. (C.R. 91-92.)

## SUMMARY OF THE ARGUMENT

A successful party to a lawsuit shall recover its costs of court. Additionally, in order for a trial court to adjudge costs differently, there must be good cause and the good cause must be stated on the record. The trial court's actions in not awarding the Defendant his costs of court run counter to the applicable case law and rules of procedure. *See Furr's Supremarkets, Inc. v. Bethune,* 53 S.W.3d 375 (Tex. 2001); *Roberts v. Williamson,* 111 S.W.3d 113 (Tex. 2003); TEX. R. CIV. P. 131; TEX. R. CIV. P. 141.

## ARGUMENT AND AUTHORITIES

**I.     The trial court erred by not awarding the Defendant his costs of court as the prevailing   party.**

The Plaintiff clearly pled that he be awarded his costs of court if it was adjudged that he was the prevailing party in the action below. (C.R. 8.) On February 25, 2015, trial court entered its Final Summary Judgment which granted Defendant's Cross-Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment. However, the trial court failed to award the Defendant his costs of court as the prevailing party. (C.R. 88.)

2

It is well-settled law that a prevailing party is entitled to recover his costs of court. *See Furr's Supremarkets, Inc. v. Bethune,* 53 S.W.3d 375, 376 (Tex. 2001); *Imperial Lofts, Ltd. v. Imperial Woodworks, Inc.,* 245 S.W.3d 1, 8 (Tex. App.--Waco 2007, pet. denied); TEX. R. CIV. P. 131. It is very plain from this appellate record that the Defendant was not awarded his costs of court.

A trial court may either not award and/or otherwise adjudge costs, however, there must be good cause and the good cause must be stated in the record. *See Roberts v. Williamson,* 111 S.W.3d 113, 124 (Tex. 2003); *Furr's* at 53 S.W.3d at 376-377; TEX. R. CIV. P. 141. The trial court did not state any good cause for not awarding the Defendant his costs of court in its Final Summary Judgment. The trial court's Final Summary Judgment should be modified to award the Defendant his costs of court and the remainder of the trial court's Final Summary Judgment should be affirmed.

## **PRAYER**

For the foregoing reasons, Appellant, David M. Diggs, requests that the trial court's Final Summary Judgment be modified to award the Appellant his costs of court and that the remainder of the trial court's Final Summary Judgment be affirmed.

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.


By:/s/ Joseph R. Willie, II, D.D.S., J.D.
 Joseph R. Willie, II, D.D.S., J.D.
 4151 Southwest Freeway, Suite 490
 Houston, Texas 77027
 (713) 659-7330
 (713) 599-1659 (FAX)
 SBOT# 21633500
 attyjrwii@wisamlawyers.com

 ATTORNEY FOR APPELLANT
 DAVID M. DIGGS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-service to Dan G. Young, P.O. Box 420, Lubbock, Texas 79408, on the 30th day of June, 2015.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

## CERTIFICATE OF COMPLIANCE

I certify that the Brief of Appellant submitted complies with TEX. R. APP. P. 9 and the word count of this document is 560. The word processing software used to prepare the document and to calculate the word count is Windows 7.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.



# APPENDIX

# Appendix 1



No. 1046110

| | | |
|---|---|---|
| VSM FINANCIAL, L.L.C. | § | IN THE COUNTY CIVIL |
| | § | |
| VS. | § | COURT AT LAW NO. 1 |
| | § | |
| DAVID M. DIGGS | § | HARRIS COUNTY, TEXAS |

## FINAL SUMMARY JUDGMENT

Came on to be heard Defendant's Cross-Motion for Summary Judgment. The Court, after being fully informed and after hearing the argument of counsel, is of the opinion that the cross-motion is, in all things:

**GRANTED**

*TT's Motion for Summay Judgmat is*

IT IS, THEREFORE, ORDERED that the Plaintiff's cause of action is hereby *denied* dismissed because it is barred by the statute of limitations. IT IS FURTHER ORDERED *(Dn)* that the Defendant recover his costs of court and that the Plaintiff is taxed with all costs of court for which let execution issue. All other relief not hereby granted is DENIED.

SIGNED on the 25 day of _____ Febru__, 20 15

_____
PRESIDING JUDGE

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

FILED 2015 FEB 25 PM 4:10