**Affirmed as Modified and Memorandum Opinion filed November 2, 2023.**



In the

# Fourteenth Court of Appeals

## NO. 14-22-00292-CV

### RICHARD AND LISA WIGINTON, Appellants

### V.

### TEXAS FAIR PLAN ASSOCIATION, Appellee

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1112892**

## M E M O R A N D U M   O P I N I O N

In this insurance-coverage case, a jury failed to find that the real property owned by Richard and Lisa Wiginton suffered covered damage from Hurricane Harvey. Pursuant to the verdict, the trial court rendered a take-nothing judgment but ordered the parties to bear their own costs. On appeal, the Wigintons challenge the trial court's rulings striking a veniremember for cause and excluding documents prepared by two of their witnesses. Their insurer, Texas Fair Plan Association

(TFPA), has cross-appealed, challenging the trial court's failure to assess costs against the Wigintons.

The Wigintons failed to preserve their objection to the striking of a veniremember, and we presume the omitted portions of the reporter's record support the trial court's evidentiary rulings. On the other hand, TFPA is correct in arguing that the trial court abused its discretion by assessing TFPA's costs against it without stating on the record why there was good cause to do so. Thus, we modify the judgment to assess TFPA's costs against the Wigintons, and as modified, we affirm the trial court's judgment.

## I. STRIKING A VENIREMEMBER FOR CAUSE

In their first issue, the Wigintons assert that the trial court erred in striking Veniremember No. 3 for cause as TFPA requested. The challenged veniremember raised her hand when asked by the Wigintons' attorney if she could be fair, but then TFPA's counsel asked the venire,

> Okay. Anybody on this side of the room feel like, under the facts, knowing this is a windstorm policy, there's water in this house, there's damage from water getting in the house, but just on those facts alone, just don't think you can be fair under these circumstances or that you're going to have a strongly-held conviction that the carrier is wrong?

Veniremember No. 3 both raised her hand and verbally agreed that those were her feelings.

After TFPA challenged her for cause, the Wigintons' counsel called Veniremember No. 3 back for individual questioning. The veniremember affirmed that she did not believe she could be fair and did not feel she could follow the judge's instructions. When the Wigintons' attorney pointed out that the veniremember had raised her hand when asked earlier if she could be fair, she responded, "I probably misunderstood your question." The trial court then granted TFPA's challenge for

2

cause, and the Wigintons' counsel did not object, apparently acquiescing in the determination that cause was established. *See Shepherd v. Ledford*, 962 S.W.2d 28, 34 (Tex. 1998) (veniremember who affirmed that he could not be fair and objective was disqualified as a matter of law).

Given the absence of an objection to the ruling, we agree with TFPA that the Wigintons failed to preserve this complaint for review. *See Urista v. Bed, Bath, & Beyond, Inc.*, 245 S.W.3d 591, 595–96 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g) (to preserve error, complaining party must object when the challenge for cause is granted). We overrule the Wigintons' first issue.

## II. EXCLUSION OF EVIDENCE

In their second issue, the Wigintons argue that the trial court erred in excluding repair estimates prepared respectively by Ray Choate and by Richard Gadrow. We review a trial court's evidentiary rulings for abuse of discretion. *Fleming v. Wilson*, 610 S.W.3d 18, 21 (Tex. 2020) (per curiam). For the exclusion of evidence to constitute reversible error, the complaining party must show not only that the trial court's ruling was erroneous, but also that the erroneous ruling probably caused the trial court to render an improper judgment. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). To analyze harm, we must review the entire record. *Gunn v. McCoy*, 554 S.W.3d 645, 668 (Tex. 2018).

We need not consider whether the trial court erred in excluding the challenged material, because on this record, no harm can be shown. The partial reporter's record before us includes only transcripts of the hearings on certain pre-trial and post-verdict motions; all proceedings that took place before the jury have been omitted.

Under the Rules of Appellate Procedure, an appellant may request a partial reporter's record, but "must include in the request a statement of the points or issues

3

to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1).[1] If the appellant complies with the rule, then "[t]he appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues." TEX. R. APP. P. 34.6(c)(4). Even a late-filed statement of issues will support the presumption, absent some indication that the appellee was adversely affected by the delay. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam). But if the appellant entirely fails to submit a statement of the points or issues to be presented on appeal, "we must presume that the omitted portions of the record are relevant and would support the judgment." *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 822 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

On this partial record, we must presume that even if the trial erred in excluding Choate's and Gadrow's documents, the exclusion was harmless. We overrule the Wigintons' second issue.

---

[1] The statement of issues for appeal need not appear in that parties' actual designation of the partial reporter's record, "as long as the statement is made in time for the other parties to designate any additional relevant portions of the record and to prepare their appellate briefs." *Sw. Galvanizing, Inc. v. Eagle Fabricators, Inc.*, 383 S.W.3d 677, 681 n.3 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (quoting *Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). For example, the sole issue in TFPA's cross-appeal—a challenge to the portion of the judgment requiring the parties to bear their own costs—is identified in the judgment, which had been submitted by TFPA's counsel with the statement, "Agreed as to form and substance, except Defendant disagrees with the judgment declining to award Defendant its costs." By this statement, TFPA limited its appeal solely to the issue of costs. After the partial reporter's record designated by the Wigintons was filed, TFPA had the reporter's record supplemented to include a transcript of the oral hearing on TFPA's motion for entry of judgment, at which the trial court considered and ruled on the issue of costs. Thus, TFPA's sole appellate issue was identified and the reporter's record on that issue is complete.

## III. ASSESSMENT OF COSTS

In its cross-appeal, TFPA challenges only the assessment of costs. We review the trial court's assessment of costs for abuse of discretion. *See Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 376 (Tex. 2001).

Under the general rule, "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. However, "[t]he court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." TEX. R. CIV. P. 141. The trial court was therefore obliged to state on the record good cause for taxing part of the costs against TFPA, the prevailing party. *See Roberts v. Williamson*, 111 S.W.3d 113, 124 (Tex. 2003).

The assessment of costs was discussed at the oral hearing on TFPA's motion for entry of judgment. We have reviewed the transcript of that hearing, and it shows that the trial court did not state good cause for taxing part of the costs against TFPA. Indeed, the Wigintons objected to the assessment of costs against them only on the grounds that (a) the Wigintons were undeserving of sanctions, and (b) the assessment of costs was not discussed at a pretrial hearing. *See Furr's Supermarkets*, 53 S.W.3d at 378 (considering only the "good cause" arguments presented to the trial court). But, as a matter of law, neither constitutes good cause for assessing costs against the prevailing party. These are not valid objections, for Rule 131 is not a sanction, and no pre-trial hearing on costs is required. Moreover, the Wigintons' counsel subsequently filed a request for findings of fact and conclusions of law but did not request a good-cause finding such as that required by Rule 141.

Because the record contains no statement of good cause for taxing part of the costs against the prevailing party, the trial court abused its discretion in doing so.

*See Trevino v. City of Pearland*, 531 S.W.3d 290, 298 (Tex. App.—Houston [14th Dist.] 2017, no pet.). We sustain TFPA's issue.

## IV. CONCLUSION

Having overruled the Wigintons' issues and sustained TFPA's sole issue, we modify the judgment to assess costs against the Wigintons and in favor of TFPA as Rule 131 requires. Thus, in accordance with the final bill of TFPA's taxable court costs as certified by the office of the county clerk,[2] we modify the trial court's judgment to award TFPA $15,588.77 in costs. As modified, we affirm the judgment. *See Furr's Supermarkets*, 53 S.W.3d at 376 (affirming the judgment as modified to comply with Rule 131); *Burton v. Guevara*, No. 14-19-00758-CV, 2020 WL 2991542, at *2 (Tex. App.—Houston [14th Dist.] June 4, 2020, no pet.) (same).


/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

---

[2] *See Hatfield v. Solomon*, 316 S.W.3d 50, 66 (Tex. App.—Houston [14th Dist.] 2010, no pet.).