COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-254-CV

 

 

PENINSULA ASSET MANAGEMENT                                      APPELLANTS

(CAYMAN)
LTD. AND KAREN CHONGAH HAN                                          

 

                                                   V.

 

HANKOOK TIRE CO., LTD.                                                       APPELLEE

 

                                              ------------

 

           FROM THE 153RD
DISTRICT COURT OF TARRANT COUNTY

                                                    

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.      Introduction

In four issues, Appellants Peninsula Asset
Management (Cayman) Ltd. and Karen Chongah Han appeal an order sustaining the
special appearance of Appellee Hankook Tire Co., Ltd. (Hankook), a Korean
corporation, and the denial of Appellants= motions
for sanctions.  We affirm.








II.     Background

In October 2002, Appellants sued Yang-Rai Cho,
Hankook, and Ocean Capital Investment (L) Limited.  In November 2002, Hankook filed a special
appearance, objecting to the trial court=s
personal jurisdiction.  The trial court
held an evidentiary hearing on the special appearance motion in May 2004,
sustained Hankook=s special appearance, and taxed
all costs against Appellants.  The trial
court made extensive findings of fact and conclusions of law, negating all
bases for personal jurisdiction over Hankook in Texas. 

III.     Issues
Presented

Appellants do not challenge any of the trial
court=s
findings of fact, nor do they contend that the court erred by finding that
Texas does not have personal jurisdiction over Hankook.  In their first two issues, Appellants contend
that Hankook waived its special appearance and submitted to the trial court=s
jurisdiction.  In their third issue,
Appellants contend that the trial court abused its discretion when it taxed
costs against them because their cause of action against Hankook was dismissed
rather than adjudicated on the merits and, therefore, Hankook was not the
successful party.  In their fourth issue,
Appellants contend that the trial court abused its discretion by denying their
motions for sanctions. 

 








IV.    Waiver of
Special Appearance

An objection to a Texas court=s
exercise of jurisdiction over a nonresident must be made by a special
appearance filed under Texas Rule of Civil Procedure 120a.  Tex.
R. Civ. P. 120a; Silbaugh v. Ramirez, 126 S.W.3d 88, 92-93 (Tex.
App.CHouston
[1st Dist.] 2002, no pet.).  Rule 120a
states that A[e]very appearance, prior to
judgment, not in compliance with this rule is a general appearance.@  Tex.
R. Civ. P. 120a.  The Texas
Supreme Court provided guidance as to what constitutes a general appearance in Dawson-Austin
v. Austin, 968 S.W.2d 319, 322 (Tex. 1998), cert. denied, 525 U.S.
1067 (1999).  The supreme court
held that a party enters a general appearance when it (1) invokes the judgment
of the court on any question other than the court=s
jurisdiction, (2) recognizes by its acts that an action is properly pending, or
(3) seeks affirmative action from the court. 
Id.; see Exito Elecs. Co. v. Trejo, 142 S.W.3d 302, 304
(Tex. 2004).








Appellants argue in their first issue that
Hankook sought affirmative relief from the court, thereby making a general
appearance, by filing numerous motions to compel, motions to quash, and motions
for protection; by setting and participating in hearings on such motions; and
by obtaining rulings from the trial court on such motions before the trial
court sustained Hankook=s special appearance.  Although Appellants state that AHankook=s
conduct taken as a whole was utterly inconsistent with its assertion that the
trial court lacked jurisdiction and amounted to a general appearance,@
Appellants direct our attention specifically only to Hankook=s filing
of the motion to compel the deposition of Karen Han, one of the named
plaintiffs in this case.  Appellants
contend that Hankook sought to depose Han on the merits as to matters unrelated
to Hankook=s special appearance and that
this alone was sufficient to amount to a general appearance.  








Han, one of the named plaintiffs, was a Texas
resident and one of the principals of Peninsula.  Appellants indicated that Hankook knew that
it was dealing with her as a Texas resident so as to subject itself to specific
jurisdiction.  Thus, in March 2003,
Appellants= counsel agreed to make Karen
Han and No Joon Park available for deposition. 
In a letter dated December 9, 2003, however, Appellants= counsel
stated that Park was Aprepared to testify about
evidence he has gathered concerning Hankook Tire=s
business activities in the State of Texas,@ but
that they had not designated Han as a witness for the special appearance
hearing Abecause
she does not have any additional knowledge concerning facts that are relevant
to general jurisdiction.@ 
In response, Hankook stated in a letter dated December 19, 2003:  AIf, as
you indicate in your letter, you will not be presenting any evidence of
specific jurisdiction and if Ms. Han has no knowledge concerning facts that are
relevant to specific or general jurisdiction, we agree with you that there is
no need to take her deposition at this time.@  In January 2004, Hankook deposed Park. Then,
in a letter dated February 17, 2004, Hankook=s
counsel stated:

Additionally
Mr. Park, as was apparent from the taking of his deposition and contrary to
what was represented to us, clearly has no personal knowledge concerning any Acontinuous and systematic@ contacts of Hankook Tire
Co., Ltd. with Texas that was not based on pure speculation.  Consequently, it will be necessary to take
the deposition of Ms. Han as a plaintiff in this case.  We will assume that Ms. Han will also be
able to offer testimony on behalf of Peninsula Asset Management (Cayman), Ltd.
relating to its knowledge of any and all alleged Acontinuous and systematic@ contacts of Hankook Tire
Co., Ltd. with Texas.  Based upon Mr. Park=s deposition, Ms. Han is
the only remaining employee, officer, and/or director of Peninsula.  [Emphasis added.]

 

Hankook never took Han=s
deposition.  








The trial court=s fourth
conclusion of law [2]
states:  ASubsequent
to the filing of the Special Appearance, the parties used discovery processes,
including hearings on discovery issues, without waiving the Special Appearance.@  We review a trial court=s actual
or implied conclusions of law de novo. 
See, e.g., Mayhew v. Town of Sunnyvale, 964 S.W.2d 922,
928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999) (applying de novo
standard to question of subject matter jurisdiction); Michel v. Rocket Eng=g Corp., 45
S.W.3d 658, 667 (Tex. App.CFort
Worth 2001, no pet.) (holding that A[w]e
review all questions of law de novo@).  A trial court=s
conclusion of law will not be reversed unless it is erroneous as a matter of
law.  Arch Petroleum, Inc. v. Sharp,
958 S.W.2d 475, 477 (Tex. App.CAustin
1997, no pet.).  Conclusions of law will
be upheld on appeal if the judgment can be sustained on any legal theory
supported by the evidence.  Copeland
v. Alsobrook, 3 S.W.3d 598, 604 (Tex. App.CSan
Antonio 1999, pet. denied).

Rule 120a states:  AThe
issuance of process for witnesses, the taking of depositions, the serving of
requests for admissions, and the use of discovery processes, shall not
constitute a waiver of such special appearance.@  Tex.
R. Civ. P. 120a(1).  Rule 120a
also states that the court shall determine the special appearance in part on
the basis of Athe results of discovery
processes.@ 
Tex. R. Civ. P. 120a(3);
Exito Elecs. Co., 142 S.W.3d at 307. 
Furthermore, in Exito Elecs. Co., the supreme court stated:  








It
is simply illogical to allow the parties to engage in relevant discovery, which
can be a vital part of resolving a special appearance, but prohibit the
nonresident defendant from seeking the trial court=s ruling on disputes that
may affect the evidence presented at the special appearance hearing.  And applying the Dawson-Austin framework,
a nonresident defendant=s participation in the
trial court=s resolution of such
discovery matters does not amount to a recognition that the action is properly
pending or a request for affirmative relief inconsistent with the
jurisdictional challenge.  We therefore
hold that a trial court=s resolution of discovery
matters related to the special appearance does not amount to a general
appearance by the party contesting personal jurisdiction.

 

142 S.W.3d
at 307. 

Appellants have not shown how
Hankook=s
attempts to take Han=s deposition went beyond matters
pertaining to the special appearance, nor has our review of the record revealed
that Hankook engaged in discovery unrelated to the special appearance with
regard to Han=s deposition.  Furthermore, we note that several of our
sister courts have held that even if a defendant=s
discovery is unrelated to the special appearance and involves the merits of the
case, he has not waived his special appearance.[3]  See, e.g., Silbaugh, 126 S.W.3d
at 93; Minucci, 14 S.W.3d at 801; Case, 31 S.W.3d at 311. 








Moreover, although Appellants
contend that Athe matter of Han=s
deposition@ is just one of the many
discovery matters for which Hankook sought affirmative relief from the trial
court, they do nothing more than summarily state this issue, without citing to
the record or providing substantive analysis regarding other discovery
matters.  Therefore, we conclude that
they have failed to preserve the argument for review.  Tex.
R. App. P. 38.1(h); see Keever v. Finlan, 988 S.W.2d 300, 314
(Tex. App.CDallas 1999, pet. dism=d); Tacon
Mech. Contractors, Inc. v. Grant Sheet Metal, Inc., 889 S.W.2d 666, 671
(Tex. App.CHouston [14th Dist.] 1994, writ
denied).

We hold that Hankook did not
seek affirmative relief from the court, thereby waiving its special appearance
and submitting to the trial court=s
jurisdiction, by filing motions related to the special appearance, by setting
and participating in hearings on such motions, and by obtaining rulings from
the trial court on such motions.  We
overrule Appellants= first issue.

We next address Appellants= second
issue, contending that Hankook waived its special appearance by delaying the
special appearance hearing for over eighteen months while it filed and
participated in the determination of numerous motions.  Appellants argue that Hankook=s
conduct was Aclearly inconsistent with its
assertion that the lawsuit was not properly pending.@ 








Rule 120(a) requires the court
to hold a hearing on a special appearance motion before holding a hearing on a
motion to transfer venue or any other plea or pleading.  Tex.
R. Civ. P. 120a(2).  But the rule
does not require that a hearing on a special appearance be held by a specific
time.  See id.; see also
Fountain v. Burklund, No. 03-01-00380-CV, 2001 WL 1584011, at *4 (Tex. App.CAustin
Dec. 13, 2001, pet. denied) (not designated for publication) (holding that
appellee did not waive his special appearance motion by waiting more than two
years after filing the motion to request a hearing on the special appearance); Robertson
v. Hensel Phelps Constr. Co., No. 01-98-01338-CV, 1999 WL 233599, at *1
(Tex. App.CHouston [1st Dist.] Apr. 22,
1999, no pet.) (not designated for publication) (holding that the trial court
as a matter of law could not have denied appellant=s
special appearance based on his delay in requesting a hearing and presenting
his motion).  Therefore, we hold
that Hankook did not waive its special appearance by delaying the special
appearance hearing.  We overrule
Appellants= second issue.

V.     Costs

In their third issue, Appellants
contend that the trial court abused its discretion when it taxed costs against
them because their cause of action against Hankook was dismissed rather than
adjudicated on the merits and, therefore, Hankook was not the successful
party.  








Texas Rule of Civil Procedure
131 states:  AThe
successful party to a suit shall recover of his adversary all costs incurred
therein, except where otherwise provided.@  Tex.
R. Civ. P. 131.  The underlying
purpose of rule 131 is to ensure that the prevailing party is freed of the
burden of court costs and that the losing party pays those costs.  Furr=s
Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 378 (Tex.
2001).  

Taxing costs against a
successful party in the trial court, therefore, generally contravenes rule
131.  Id. at 376.  The trial court may adjudge the prevailing
party=s costs
against it only on a showing of Agood
cause.@  Id. at 376-77; see Tex. R. Civ. P. 141.  Typically though, Agood
cause@ is
shown only if the prevailing party unnecessarily prolonged the proceedings,
unreasonably increased the costs, or otherwise did something that should be
penalized.  Furr=s
Supermarkets, Inc., 53 S.W.3d at 377.








 Here, the sustaining of Hankook=s
special appearance made Hankook the successful party to this suit.  See Dear v. City of Irving, 902 S.W.2d
731, 739 (Tex. App.CAustin 1995, writ denied) (AUnder
the definition of successful party adopted in the cases construing Rule 131, a
prevailing party is one who is vindicated by the judgments rendered.@); Am.
Veterans, Dep=t of Tex. v. City of Austin, No.
03-03-00762-CV, 2005 WL 3440786, at *5 (Tex. App.CAustin
Dec. 15, 2005, no pet.) (stating that the grant of appellees= pleas
to the jurisdiction made them the successful parties to the suit).  Therefore, we hold that the trial court did
not err when it taxed costs against Appellants. 
We overrule Appellants= third
issue.

VI.    Denial of
Sanctions

In their fourth issue,
Appellants contend that the trial court abused its discretion by denying their
motions for sanctions. 

We review a trial court=s ruling
on a motion for sanctions under an abuse of discretion standard.  Cire v. Cummings, 134 S.W.3d 835, 838
(Tex. 2004); Bodnow Corp. v. City of Hondo, 721 S.W.2d 839, 840
(Tex. 1986).  To determine whether a
trial court abused its discretion, we must decide whether the trial court acted
without reference to any guiding rules or principles; in other words, whether
the act was arbitrary or unreasonable.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986).  Merely
because a trial court may decide a matter within its discretion in a different
manner than an appellate court would in a similar circumstance does not
demonstrate that an abuse of discretion has occurred.  Id. at 242.








An abuse of discretion does not
occur where the trial court bases its decisions on conflicting evidence.  Davis v. Huey, 571 S.W.2d 859, 862
(Tex. 1978); see also Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex.
1997).  Furthermore, an abuse of
discretion does not occur as long as some evidence of substantive and probative
character exists to support the trial court=s
decision.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 211 (Tex. 2002).  We examine the entire record,
including the findings of fact and conclusions of law, to determine whether the
denial of sanctions constitutes an abuse of discretion.  In re C.Z.B., 151 S.W.3d 627, 636 (Tex.
App.CSan
Antonio 2004, no pet.); cf. Law Offices of Windle Turley, P.C. v. French,
164 S.W.3d 487, 490-91 (Tex. App.CDallas
2005, no pet.).  

In Appellants= brief,
they summarily state that the trial court abused its discretion by refusing to
award sanctions for Hankook=s
conduct on several occasions; however, Appellants do not cite to the record or
provide substantive analysis to support their argument.  Furthermore, having reviewed the record, we
conclude that the trial court did not act without reference to any guiding
rules or principles or without any evidence of substantive and probative
character to support its decision.  See
Butnaru, 84 S.W.3d at 211; Downer, 701 S.W.2d at 241-42.  Therefore, we hold that the trial court did
not abuse its discretion by denying Appellants= motions
for sanctions.  We overrule Appellants= fourth
issue.

 

 








VII.   Conclusion

Having overruled all of
Appellants= issues, we affirm the trial
court=s order
sustaining Hankook=s special appearance and the
denial of Appellants= motions for sanctions.

 

 

ANNE GARDNER

JUSTICE

PANEL A:   HOLMAN, GARDNER, and MCCOY, JJ.

DELIVERED: 
April 20, 2006











[1]See Tex.
R. App. P. 47.4.





[2]In their brief, Appellants complain that the trial
court=s third conclusion of law is Acontrary
to law and clearly erroneous@ because it provides that the parties may freely
engage in discovery without waiving the special appearance, even if the
discovery is unrelated to the special appearance.  However, the court=s third
conclusion of law actually states that the assumption of jurisdiction over
Hankook would offend traditional notions of fair play and substantial
justice.  It appears that Appellants are
really complaining about the court=s fourth conclusion of law, which addresses the
parties= use of the discovery processes. 





[3]The courts declined to follow the dicta in Dawson-Austin,
interpreting rule 120a as limiting discovery to facts relevant to the special
appearance.  See Silbaugh, 126
S.W.3d at 93; Minucci v. Sogevalor, S.A., 14 S.W.3d 790, 801 (Tex. App.CHouston
[1st Dist.] 2000, no pet.); see also Dawson-Austin, 968 S.W.2d at
323-24.  Instead, the courts
relied on the plain language of the statute, which states that the use of the
discovery process is not a waiver of a previously filed special
appearance.  See Tex. R. Civ. P. 120a(1); Silbaugh,
126 S.W.3d at 93; Minucci, 14 S.W.3d at 801; Case v. Grammar, 31
S.W.3d 304, 311 (Tex. App.CSan Antonio 2000, no pet.), disapproved of on other
grounds by BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d
789 (Tex. 2002).