Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
EVERETT NEWTON,                                     )                  No. 08-05-00141-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  44th District Court
)
CYNTHIA CALHOUN, DALLAS COUNTY   )                  of Dallas County, Texas
CLERK, and DALLAS MEADE,                       )
                                                                             ) (TC# DV-05-00510-B)
                                    Appellees.                        )

O P I N I O N

            Everett Newton appeals from an order denying his applications for writ of mandamus and
writ of prohibition in which he sought to prohibit the Dallas County Clerk from including court costs
in a writ of execution. We affirm.
FACTUAL SUMMARY
            Dallas Meade sued Everett Newton for legal malpractice and breach of contract in connection
with Newton’s failure to handle a traffic ticket. A jury determined that Newton had committed legal
malpractice with damages in the amount of $152, and that Newton breached his contract with Meade
resulting in damages of $525 and attorney’s fees of $17,500. Meade elected to recover contract
damages and the trial court entered judgment awarding those damages, pre-judgment and post-judgment interest, and attorney’s fees. The trial court also assessed costs against Newton in the
amount of $2,343.75.



            Newton appealed to the Dallas Court of Appeals which determined that Meade could not
recover on his contract claim, and therefore, he could not recover attorney’s fees. Newton v. Meade,
143 S.W.3d 571, 574 (Tex.App.--Dallas 2004, no pet). The court reversed and rendered judgment
awarding Meade $152 in accordance with the jury verdict on the malpractice claim as well as pre-
and post-judgment interest on that amount. Id. The judgment additionally specified that each party
would bear his own costs of the appeal but it did not address costs in the trial court. Neither party
filed a motion for rehearing or sought review in the Supreme Court regarding the assessment of
costs.
            Following the issuance of the mandate on December 7, 2004, Newton tendered to Meade a
money order in the amount of $152 to satisfy the judgment and requested a release. On December
28, Meade sought a writ of execution from the court clerk that would include trial court costs in the
amount of $2,345.75. Newton responded by filing in the 44th District Court of Dallas County an
application for writ of mandamus and writ of prohibition whereby he sought to prohibit the county
clerk from including any court costs in the writ of execution. Following a hearing, the district court
denied the application and issued findings of fact and conclusions of law. The court found that the
judgment of the court of appeals did not render the trial court’s judgment nonexistent but only
reversed that part of the judgment awarding damages based on the breach of contract claim while
leaving undisturbed all other relief granted. Newton filed a notice of appeal to the Dallas Court of
Appeals but the case was transferred to us by the Texas Supreme Court pursuant to a docket
equalization order. 
MANDAMUS AND PROHIBITION
            Newton challenges the district court’s denial of relief by three related points of error. He
essentially argues that because the court of appeals’ judgment did not expressly include an award of
court costs, Meade is not entitled to recover any court costs and the district court should have issued
either a writ of prohibition or writ of mandamus prohibiting the county clerk from including any
court costs in the bill of execution.
Assessment of Court Costs in the Trial Court
            Each party to a suit is liable for the court costs incurred by that party. Tex.R.Civ.P. 125, 127. 
However, Rule 131 provides that the successful party to a suit shall recover of his adversary all costs
incurred therein, except where otherwise provided. Tex.R.Civ.P. 131. A “successful party” is one
who obtains a judgment of a competent court of jurisdiction vindicating a civil claim of right. See
State Farm Mut. Auto. Ins. Co. v. Grayson, 983 S.W.2d 769, 770 (Tex.App.--San Antonio 1998, no
pet.). The court may, for good cause stated on the record, adjudge the costs otherwise than as
provided by law or the Rules of Civil Procedure. Tex.R.Civ.P. 141; Furr’s Supermarkets, Inc. v.
Bethune, 53 S.W.3d 375, 376-77 (Tex. 2001).
Assessment of Costs by the Appellate Court
            In a civil case, the court of appeals is required to assess the costs of appeal in its judgment. 
Tex.R.App.P. 43.4. The judgment should award to the prevailing party the appellate costs--including
preparation costs for the clerk’s record and the reporter’s record--that were incurred by that party. 
Tex.R.App.P. 43.4. However, the court of appeals may tax costs otherwise as required by law or for
good cause. Id.
            A court of appeals may also be required to assess trial court costs in its judgment, but this
depends on how the appellate judgment impacts the trial court’s judgment. Rule 139 of the Rules
of Civil Procedure provides specific guidance for assessing appellate and trial court costs:
When a case is appealed, if the judgment of the higher court be against the appellant,
but for less amount than the original judgment, such party shall recover the costs of
the higher court but shall be adjudged to pay the costs of the court below; if the
judgment be against him for the same or a greater amount than in the court below, the
adverse party shall recover the costs of both courts. If the judgment of the court
above be in favor of the party appealing and for more than the original judgment,
such party shall recover the costs of both courts; if the judgment be in his favor, but
for the same or a less amount than in the court below, he shall recover the costs of
the court below, and pay the costs of the court above.

Tex.R.Civ.P. 139.
Clerk’s Duties
            The clerk of the trial court shall tax the costs in every case in which a final judgment has been
rendered and shall issue execution to enforce such judgment and collect such costs. Tex.R.Civ.P.
622. When the clerk receives the mandate, the appellate judgment must be enforced. Tex.R.App.P.
51.1(b). Appellate costs must be included with the trial court costs in any process to enforce the
judgment. Id. The appellate judgment may be enforced, as in other cases, when the appellate court
affirms the trial court’s judgment; modifies the trial court’s judgment, and, as so modified, affirms
that judgment; or renders the judgment the trial court should have rendered. Id. The inclusion of
specific items taxed as costs is a ministerial duty performed by the clerk of the trial court. Wood v.
Wood, 159 Tex. 350, 320 S.W.2d 807, 813 (1959); Reaugh v. McCollum Exploration Co., 140 Tex.
322, 167 S.W.2d 727, 728 (1943). Correction of errors in specific items of costs is sought by a
motion to re-tax costs. Reaugh, 167 S.W.2d at 728.
Writ of Mandamus
            A writ of mandamus is an extraordinary remedy and will issue only to compel a public
official to perform a ministerial act. Anderson v. City of Seven Points, 806 S.W.2d 791, 793 (Tex.
1991). An act is ministerial when the law clearly spells out the duty to be performed by the official
with sufficient certainty that nothing is left to the exercise of discretion. Anderson, 806 S.W.2d at
793. The writ will not issue to review or control the action of a public officer in a matter involving
discretion. City Council of Austin v. Save Our Springs Coalition, 828 S.W.2d 340, 342 (Tex.App.--Austin 1992, no writ). Before such a writ will issue, a party must have demanded performance of
the act and the public official must have refused to perform. Stoner v. Massey, 586 S.W.2d 843, 846
(Tex. 1979). Furthermore, the writ of mandamus is available only when it is demonstrated there is
no adequate remedy at law. See In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999); Walker
v. Packer, 827 S.W.2d 833, 840-41 (Tex. 1992). The relator has a heavy burden of demonstrating
that he is entitled to the relief requested. Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305
(Tex. 1994).
            These authorities establish that the act of the trial court clerk in taxing the costs in every case
following the issuance of a final judgment is a ministerial duty. Yet Newton seeks not to compel but
to entirely prohibit the clerk from performing that ministerial duty. Newton has not cited and we are
unable to find any authority authorizing the district court to issue a writ of mandamus prohibiting
a public official from performing a ministerial duty. For this reason alone, we find that Newton did
not establish his entitlement to mandamus relief.
            Additionally, Newton had an adequate remedy in the trial court. A party seeking to correct
the ministerial act of the clerk of the court in tabulating costs can do so by filing a motion to re-tax
costs. See Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807, 813 (1959); Operation Rescue-National
v. Planned Parenthood of Houston and Southeast Texas, Inc., 937 S.W.2d 60, 87 (Tex.App.--Houston [14th Dist.] 1996), judgment affirmed as modified in Operation Rescue-National v. Planned
Parenthood of Houston and Southeast Texas, Inc., 975 S.W.2d 546 (Tex. 1998). And a party
seeking to challenge a writ of execution can do so by filing a motion to quash the writ of execution. 
See e.g., In re Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 828 (Tex.
2005). Rather than pursuing either course of action in the trial court, Newton chose to file a
mandamus petition in the district court. Because Newton had available remedies, we conclude that
he did not establish his entitlement to mandamus relief.
Writ of Prohibition
            We next consider whether the trial court erred by refusing to issue a writ of prohibition
against the clerk. A district court’s authority to issue a writ of prohibition is limited to situations
where issuance of the writ is necessary to protect the district court’s jurisdiction. See Winfrey v.
Chandler, 159 Tex. 220, 318 S.W.2d 59, 60 (1958); Thompson v. Velasquez, 155 S.W.3d 551, 553
(Tex.App.--San Antonio 2004, no pet.); Seele v. State, 1 Tex.Civ.App. 495, 20 S.W. 946
(Tex.Civ.App. 1892, no writ). Newton does not claim that issuance of the writ of prohibition is
necessary to protect the district court’s jurisdiction. Because the district court did not have
jurisdiction to issue the writ, denial is not error. Points of Error One through Three are overruled.
We affirm the order of the district court denying the writs of mandamus and prohibition.


June 8, 2006                                                                
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.