COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
)
)
) No. 08-06-00179-CV
)
IN RE: THE SHREDDER COMPANY, L.L.C.)                  AN ORIGINAL
)
)PROCEEDING IN MANDAMUS
)
)
)


OPINION ON PETITION FOR WRIT OF MANDAMUS

            In this original proceeding, Relator, the Shredder Company, L.L.C. (“Shredder”),
complains of the trial court’s failure to rule on its motion to compel arbitration. We
conditionally grant mandamus relief as further specified herein.
FACTUAL BACKGROUND
            Relator began employing Real Party In Interest Luis B. Cuevas (“Cuevas”) in 2004. On
the date of his employment, Cuevas allegedly signed an agreement purportedly requiring him to
resolve all disputes relating to work-related injuries through arbitration. Shortly thereafter,
Cuevas apparently sustained an on-the-job injury while employed with Relator. Cuevas
subsequently filed suit in the 120th District Court of El Paso County, the Hon. Luis Aguilar
presiding.
            On November 9, 2005, Relator moved to compel arbitration and a hearing was scheduled
for November 29, 2005. According to the trial court’s notes, the hearing was cancelled by
counsel for Cuevas. A status conference was then set for December 6, 2005, but was cancelled
by Relator due to lack of notice. An additional status conference was set for December 13, 2005. 
At the December 13, 2005 status conference, counsel for Cuevas first reviewed the arbitration
provision but denied that Cuevas had signed the agreement.



            On March 21, 2006, a third hearing was held on Relator’s motion to compel.


 At the
hearing, counsel for Cuevas argued that the arbitration provision was unenforceable. Relator
pointed out that counsel for Cuevas first argued at an earlier hearing that Cuevas did not sign the
agreement but subsequently presented no evidence to support this claim. Relator then addressed
Cuevas’ argument that the plan was a sham because it was unfunded.


 Relator presented
evidence that the work injury plan carried a $2,500 deductible which was exhausted, the
independent insurance carrier had assumed all further payments, and Cuevas received benefits
under the plan.


 At the conclusion of the hearing on Relator’s motion to compel arbitration, the
trial court ordered Relator to allow Cuevas to depose Ruben Ortiz, the plan administrator, but did
not rule on the motion.
            Relator subsequently filed a motion to quash the deposition of Rubin Ortiz. A hearing
was held on Relator’s motion to quash on May 11, 2006. At the hearing, counsel for Cuevas
again addressed the validity of the arbitration agreement. Relator informed the trial court that it
would be seeking mandamus relief but asked the trial court to consider ruling on its motion
instead. At the conclusion of the hearing, the Hon. Luis Aguilar declined to rule on the motion to
compel arbitration. Relator then filed its petition for writ of mandamus in this Court seeking
relief from the trial court’s failure to rule on its motion to compel arbitration.
DISCUSSION
            Mandamus is proper to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no adequate remedy at law. Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992). A trial court commits a clear abuse of discretion when it refuses to rule on a
pending motion within a reasonable amount of time. See In re Greenwell, 160 S.W.3d 286, 288
(Tex.App.--Texarkana 2005, orig. proceeding). What is considered a reasonable amount of time
is dependent upon the circumstances of each case. See Ex parte Bates, 65 S.W.3d 133, 135
(Tex.App.--Amarillo 2001, orig. proceeding).
            To establish that the trial court abused its discretion by failing to rule, the relator must
show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to
perform the act; and (3) failed or refused to do so. In re Sepeda, 143 S.W.3d 871, 872
(Tex.App.--El Paso 2004, orig. proceeding); see also Newton v. Calhoun, ---S.W.3d----, 2006
WL 1559239, *3 (Tex.App.--El Paso June 8, 2006, orig. proceeding), citing Stoner v. Massey,
586 S.W.2d 843, 846 (Tex. 1979). “‘When a motion is properly filed and pending before a trial
court, the act of giving consideration to and ruling upon that motion is a ministerial act,’ and
mandamus may issue to compel the trial court to act.” Safety-Kleen Corp. v. Garcia, 945 S.W.2d
268, 269 (Tex.App.--San Antonio 1997, orig. proceeding).
            The main benefits of arbitration lie in expedited and less expensive disposition of a
dispute. Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992)(orig.proceeding). 
Further, the Legislature has mandated that courts “summarily” determine whether an agreement
to arbitrate is enforceable. Tex.Civ.Prac.&Rem.Code Ann. § 171.021(b)(Vernon 2005); In re
MHI Partnership, Ltd., 7 S.W.3d 918, 923 (Tex.App.--Houston [1st Dist.] 1999, orig.
proceeding). Absent controverting evidence of the material facts necessary to determine the
issue, a trial court may summarily decide whether to compel arbitration on the basis of affidavits,
pleadings, discovery, and stipulations. Jack B. Anglin Co., Inc., 842 S.W.2d at 269. Even if a
party contests the validity and scope of the arbitration agreement, a trial court abuses its
discretion by delaying a ruling on whether the agreement is enforceable until after discovery is
complete. See In re MHI Partnership, Ltd., 7 S.W.3d at 923.
            Here, the record reflects that the motion to compel arbitration was pending for
approximately six months by the time of the final May 11, 2006, motion to quash hearing. 
Further, a trial on the merits was set for September 15, 2006. Additionally, Relator has made
repeated requests for a ruling on its motion. Specifically, the record indicates that the trial court
has held at least three separate hearings addressing Relator’s motion, each without a ruling. In
addition to these hearings, there were at least two other hearings wherein Relator requested a
ruling on its motion. At the hearing on Relator’s motion to quash deposition testimony, counsel
for Relator again requested a ruling on its motion. Finally, counsel for Relator informed the trial
court that it would be seeking a writ of mandamus but again implored the trial court to make a
ruling. The trial court denied Relator’s request for a ruling on its motion opting instead to wait
for a ruling from this Court.
            In light of the facts of this case, we find that the trial court abused its discretion in
refusing to rule on Relator’s motion to compel arbitration despite repeated requests to do so. See
In re Bonds, 57 S.W.3d 456, 458 (Tex.App.--San Antonio 2001, orig. proceeding). Although we
have jurisdiction to direct the trial court to exercise its discretion in some manner, under no
circumstances may we tell the trial court what its decision should be. In re Martinez Ramirez,
994 S.W.2d 682, 684 (Tex.App.--San Antonio 1998, orig. proceeding).
            Relator has framed its issue as “the trial court abused its discretion by failing to rule
because the evidence conclusively established that Plaintiff’s claims were covered by a valid
arbitration agreement . . . .” However, we find that the trial court abused its discretion because it
failed to make a ruling either granting or denying the motion to compel arbitration. We express
no opinion on whether Relator conclusively established that Cuevas’ claims were covered,
whether the arbitration agreement itself is valid, or otherwise address the merits of the motion.


 
Accordingly, we conditionally grant the writ of mandamus. The writ will issue only if the trial
court fails to rule on the motion to compel arbitration.




November 9, 2006
DAVID WELLINGTON CHEW, Justice

Before Chew, C. J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)