COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| IN RE: REEVES COUNTY, TEXAS AND ARNULFO GOMEZ, INDIVIDUALLY AND AS SHERIFF OF REEVES COUNTY, | § | No. 08-09-00227-CV |
| | § | AN ORIGINAL PROCEEDING |
| Relators. | § | IN MANDAMUS |
| | § | |
| | § | |

**MEMORANDUM OPINION**
**ON PETITION FOR WRIT OF MANDAMUS**

Relators, Reeves County, Texas and Arnulfo Gomez, Individually and as Sheriff of Reeves County, ask this Court to issue a writ of mandamus against the Honorable Bob Parks, Judge of the 143rd District Court of Reeves County, Texas to compel him to rule on a motion to dismiss and compel arbitration filed by the Real Party in Interest, Lexington Insurance Company. We conditionally grant mandamus relief.

**FACTUAL SUMMARY**

On May 22, 2007, Relators filed suit seeking a declaration that their insurance carriers, Lexington Insurance Company and Houston Casualty Company, owe them indemnity and a defense for a lawsuit filed against Relators by Pascual and Cheryl Olibas. Lexington Insurance Company filed a motion to dismiss and compel arbitration pursuant to the Federal Arbitration Act on September 11, 2007. Lexington filed a supplemental motion to dismiss and compel arbitration on September 19, 2007. Relators filed a response urging several grounds for denial of the motion to compel arbitration. The trial court held a hearing on Lexington's motion on October 26, 2007, but did not make a ruling on the arbitration issue. In 2008 and 2009, Relators made three written

requests for the trial court to rule on Lexington's motion to compel arbitration, but the trial court still did not make a ruling. In letters written on April 16 and June 17, 2008, counsel for Relators stressed that they were set for trial later in the year in the lawsuit styled *Olibas v. Reeves County, Texas and Sheriff Gomez*. And in a letter written on January 12, 2009, counsel for Relators again reminded the trial court of the pending motion to dismiss and compel arbitration. Finally, on May 26, 2009, Relators filed a written motion for the trial court to rule on Lexington's motion to dismiss and compel arbitration. In that motion, Relators asserted that the Olibas suit had caused them to incur significant legal defense expenses and they could not pursue their claims for a defense and coverage under the Lexington insurance policy or attempt to recoup funds expended by Reeves County for defense and settlement of the Olibas suit until the trial court ruled on the arbitration motion. When the trial court failed to rule on the pending motions, Relators filed a mandamus petition on August 5, 2009 and we requested that the Real Parties in Interest file a response.[1] In its response, Lexington states it does not oppose Relators' request for mandamus relief and it agrees that *In re The Shredder Company, L.L.C.*, 225 S.W.3d 676 (Tex.App.–El Paso 2006, orig. proceeding) controls the disposition of this case.

## REFUSAL TO RULE

Relators contend that the trial court has clearly abused its discretion by refusing to rule on Lexington's motion to compel arbitration. Although the motion to compel arbitration was filed by Lexington, Relators assert that the court's failure to rule on the motion places them in an untenable position of waiting "an indeterminate time for a ruling . . . thereby delaying their opportunity to recoup expenses from the Olibas Suit, or, they must push forward with the underlying suit thereby expending effort and resources that may well be for naught should the trial court eventually rule to

---

[1] Houston Casualty has notified the Court that it will not be filing a response to the mandamus petition.

compel arbitration." Further, Relators argue that if the trial court does not rule promptly on Lexington's motion to compel arbitration, they lose the benefit the Legislature intended by directing trial courts to determine arbitration issues summarily.

Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Moreover, there must be no other adequate remedy at law. *Id*. A trial court commits a clear abuse of discretion when it refuses to rule on a pending motion within a reasonable amount of time. *In re Shredder*, 225 S.W.3d at 679. What is considered a reasonable amount of time is dependent upon the circumstances of each case. *Id.*

To establish that the trial court abused its discretion by failing to rule, the relator must show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *Id.*; *In re Sepeda*, 143 S.W.3d 871, 872 (Tex.App.–El Paso 2004, orig. proceeding); *see also Newton v. Calhoun*, 203 S.W.3d 382, 386 (Tex.App.–El Paso 2006, no pet.) (citing *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979)). When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *In re Shredder*, 225 S.W.3d at 679; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding).

The main benefits of arbitration lie in expedited and less expensive disposition of a dispute. *In re Shredder*, 225 S.W.3d at 679 (citing *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (orig. proceeding)). Further, the Legislature has mandated that courts "summarily" determine whether an agreement to arbitrate is enforceable. TEX.CIV.PRAC. & REM.CODE ANN. § 171.021(b) (Vernon 2005); *In re Shredder*, 225 S.W.3d at 679. Absent controverting evidence of the material facts necessary to determine the issue, a trial court may summarily decide whether to

compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. *In re Shredder*, 225 S.W.3d at 679 (citing *Jack B. Anglin Co., Inc.*, 842 S.W.2d at 269).

The record before us reflects that a period of nineteen months has elapsed since the hearing and the time when Relators filed their motion to compel a ruling. During this period Relators have made several requests for a ruling on Lexington's motion to compel arbitration and have informed the trial court that the failure to rule has effectively prevented Relators from proceeding with their declaratory judgment suit, but the court still has not ruled. Under these circumstances, we find that the trial court has abused its discretion in refusing to rule on Lexington's motion to compel arbitration despite repeated requests to do so. *See In re Shredder*, 225 S.W.3d at 680. Further, we find that Relators do not have an adequate remedy by appeal.

As Lexington correctly notes in its response, we have jurisdiction to direct the trial court to exercise its discretion in some manner, but under no circumstances may we tell the trial court what its decision should be. *Id.*; *In re Martinez Ramirez*, 994 S.W.2d 682, 684 (Tex.App.–San Antonio 1998, orig. proceeding). We therefore express no opinion on the merits of Lexington's motion to compel arbitration. Because the mandamus record establishes that the trial court has abused its discretion by failing to rule on Lexington's motion to compel arbitration and Relators do not have an adequate remedy by appeal, we conditionally grant the writ of mandamus. The writ will issue only if the trial court fails to rule on the motion to compel arbitration.

GUADALUPE RIVERA, Justice

August 26, 2009

Before Chew, C.J., McClure, and Rivera, JJ.