IN RE Roger Eugene FAIN, Relator

NO. 02–17–00032–CV

Court of Appeals of Texas,
Fort Worth.

DELIVERED: March 2, 2017

Rehearing Overruled April 13, 2017

Roger Eugene Fain, pro se.

Steven Conder, Asst. Dist. Atty., Fort Worth, TX, Attorney for Appellee.

PANEL: WALKER, MEIER, and GABRIEL, JJ.

## OPINION

SUE WALKER, JUSTICE

### I. INTRODUCTION

In his petition for writ of mandamus, pro se Relator Roger Eugene Fain complains about a lengthy delay in his ability to obtain the results of court-ordered DNA testing and asks us to compel the trial court to compel the State "to be more pro-active in obtaining the results of the DNA testing." We will deny Fain's petition.

### II. PROCEDURAL BACKGROUND

Fain was convicted of capital murder on December 19, 2007, and sentenced to life imprisonment. He appealed that conviction to our court, and we affirmed his conviction. *See Fain v. State*, No. 02-08-00002-CR, 2009 WL 2579580, at *1 (Tex. App.–Fort Worth Aug. 20, 2009, pet. ref'd) (mem. op., not designated for publication). In April 2010, Fain filed a motion for post-conviction DNA testing. The trial court denied that motion, and we affirmed the trial court's denial. *See Fain v. State*, No. 02-10-00412-CR, 2012 WL 752652, at *1 (Tex. App.–Fort Worth Mar. 8, 2012, pet. ref'd) (mem. op., not designated for publication).

Fain filed a second motion for post-conviction DNA testing in April 2013, asking that certain items be tested that he

had not requested in his first motion. *See Fain v. State*, No. 02-13-00366-CR, 2014 WL 6840282, at *5 (Tex. App.–Fort Worth Dec. 4, 2014, pet. ref'd) (mem. op., not designated for publication). The trial court denied Fain's motion, but on appeal, we reversed the trial court's order in part and remanded back to the trial court, holding that DNA testing should be performed on some of Fain's requested items. *Id.* at *9.

On June 14, 2015, the trial court, in compliance with our opinion, ordered that DNA testing be performed on the items required by our opinion.[1] The evidence was delivered to the Department of Public Safety (DPS) crime laboratory on June 26, 2015. On October 7, 2015, pursuant to a request from DPS, the trial court ordered known DNA samples from Fain and the murder victim to be transmitted the DPS crime laboratory. Those samples were delivered on October 12, 2015.

On September 19, 2016, the State filed a motion to permit depletion of the samples, requesting that DPS "use or deplete any samples necessary in order to obtain the best DNA profile from the submitted evidence." On October 11, 2016, the trial court signed an order authorizing DPS to use or deplete the samples in order to obtain the best DNA profile. Despite the fact that it has been almost four years since Fain filed his second motion for DNA testing, and despite the fact that it has been over twenty months since the trial court ordered DNA testing on the items required by our opinion, the State's response to Fain's petition for writ of mandamus states that "[t]he ordered DNA testing remains pending with the DPS crime laboratory."

## III. Is Fain Entitled to Mandamus Relief?

 Fain argues that he is entitled to mandamus relief to compel the trial court to compel the State "to be more pro-active in obtaining the results of the DNA testing."

 Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding).

Here, Fain has not requested any action from the trial court regarding the speed in which his DNA testing is to be completed by the DPS crime laboratory. Indeed, we note that Fain acknowledges in his petition that he:

> isn't claiming the trial court is responsible for the delay in having the DNA testing and the results presented to the trial court, but [that] it is in the realm of the discretion of the trial court to compel the State to be more pro-active in obtaining the results of the DNA testing.

Although Fain desires that the trial court compel the State to speed along the DNA testing, he has not requested that the trial

---

1. The trial court ordered testing on the items required by our opinion, with the exception of a knife. The trial court noted in its order that the "knife in question is not in police custody and, as such, is unavailable for forensic DNA testing."

court itself speed along the DNA testing. Accordingly, and despite our concerns regarding the lengthy delay in obtaining the results of the DNA tests, we nevertheless lack mandamus jurisdiction because there is no clear abuse of discretion by the trial court for us to correct. *See State*, 355 S.W.3d at 613; *Perritt*, 992 S.W.2d at 446; *see also In re Flores*, No. 04-02-00399-CV, 2002 WL 1397093, at \*1 (Tex. App.–San Antonio June 28, 2002, orig. proceeding) (holding court of appeals lacked mandamus jurisdiction to compel DPS to provide appellant a copy of his DNA test results).

## IV. CONCLUSION

For the foregoing reasons, Fain has not shown himself entitled to mandamus relief. Accordingly, we deny Fain's petition for writ of mandamus.