ACCEPTED
12-17-00117-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/31/2017 12:00 AM
Pam Estes
CLERK

# CAUSE NO. 12-17-117-CV

In The

Court of Appeals

for the

Twelfth Appellate District

Tyler, Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

7/29/2017 9:28:08 AM

PAM ESTES
Clerk

## IN RE:


## PHILADELPHIA INDEMNITY INSURANCE COMPANY


## RELATOR'S REPLY TO REAL PARTY'S REPLY TO RELATOR'S RESPONSE TO REAL PARTY'S MOTION FOR REHEARING

TO THE HONORABALE JUDGES OF SAID COURT:

NOW COMES **PHILADELPHIA INDEMNITY INSURANCE CO.**, **Relator** in the above styled and numbered cause, files this its **RELATOR'S REPLY TO REAL PARTY'S REPLY TO RELATOR'S RESPONSE TO REAL PARTY'S MOTION FOR REHEARING**, demonstrating Real Party's continuing failure to take responsibility for its own conduct, and would

1

respectfully show unto this Court as follows:

[A] Having Stuck Head in Sand, Claimant Still Refuses to Take Responsibility

Circumstantial evidence often possesses equal or *even greater* probative value than direct evidence. Brown v. State, 911 S.W.2d 744, 745-46 (Tex. Cr. App. 1995). The circumstantial evidence herein demonstrates that Claimant took its non suit in the trial court after this Court ordered it to respond to Surety's mandamus petition. Claimant has failed, and continues to fail, to explain the timing of its action, *or to even explain why it took a non suit against Surety*.

Likewise, the uncontested evidence demonstrates that Claimant possessed knowledge of this proceeding, and failed to do anything. This Court received proof of service, and Real Party has not denied such receipt. To avoid such failures, Claimant blames this Court for sending the notice to a wrong email.[1] Claimant further blames Surety for failing to inform this Court of the non suit, when Surety disagrees with Claimant's contention on mootness, and the uncontested evidence concerning the applicable standard of care demonstrates actual knowledge of this Court's order to respond.[2]

Indeed, Claimant goes so far as to imply that Surety should have prepared and filed Claimant's response to Surety's mandamus petition.

---

[1] In the "skeptical words of Saturday Night Live's Church Lady, 'How convenient!'" U.S. v. Nacchio, 2007 WL 841802 at 1 (D.Colo. 2007).
[2] Why else would Claimant be receiving filings for this proceeding?

2

"To us, the duty of being informed is tantamount to the duty of taking some action based on being informed." Peck v. Ray, 601 S.W.2d 165, 168 (Tex. Civ. App.--Corpus Christi 1980, writ ref'd n.r.e.). Having been informed of the pendency of this action, and that she was not summarily dismissed, Claimant should have taken action to file a response. It cannot now shift blame to this Court and Surety.

[B] Claimant's Silence is Deafening

As pointed out in Surety's rehearing response, the trial court's order is not moot because Claimant will be forced to file another lawsuit in Henderson County. Tex. Civ. Prac. & Rem. Code §17.001(a). In response, Claimant concedes that this Court reached the correct decision, i.e. venue is mandatory outside of Henderson County.[3] Claimant then asserts that mandatory venue can be asserted again, when it refiles in Henderson County. But Claimant completely ignores the res judicata effect of the trial court's venue order, despite having been expressly informed of the applicable law in Surety's response.

As previously noted, a trial court's venue determination possesses preclusive effect. In re Team Rocket, L.P., 256 S.W.3d 257, 260 (Tex. 2008); Miller v. State and County Mut. Fire Ins. Co., 1 S.W.3d 709, 712 (Tex. App.--Fort Worth 1999, pet. denied). The erroneous nature of a judgment or order does not destroy its

---

[3]Claimant does not explain why it filed suit in the wrong venue in the first place.

3

preclusive effect. Schein v. American Restaurant Group, Inc., 852 S.W.2d 496, 497 n. 1 (Tex. 1993). "That the judgment may have been wrong or premised on a legal principle subsequently overruled does not affect application of res judicata." Segrest v. Segrest, 649 S.W.2d 610, 612 (Tex. 1983), cert. denied, 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983). Thus, even though the trial court erred, its venue denial still possesses the effect of authorizing venue in Henderson County.

**Claimant never explains why or how res judicata does not apply herein.**

Second, more than thirty (30) days have passed since the trial court entered its order, transferring venue. After thirty (30) days have passed, an order transferring venue is final and cannot be set aside. In re Team Rocket, L.P., supra; In re Southwestern Bell Telephone Co., 35 S.W.3d 602, 605 (Tex. 2000). **Claimant never explains why or how such principle does not bar relief herein.**

Third, Claimant is requesting that this Court enter a writ of mandamus, directing the trial court to set aside its order transferring venue. Prior to obtaining relief, the party seeking relief must present a demand to the trial court (which Claimant has never done). In re Fain, 514 S.W.3d 917, 919 (Tex. App.--Fort Worth 2017, no pet.); Newton v. Calhoun, 203 S.W.3d 382, 386 (Tex. App.--El Paso 2006, no pet). **Claimant never explains why or how such principle does not bar relief herein.**

Finally, in its motion for rehearing, Surety pointed out that Brooks County

4

I.S.D. is now a party to this lawsuit, and thus mandatory venue rests in Brooks County. Claimant's response herein to how such joinder affects this case is unintelligible. But regardless of such response, **Claimant again does not address the point**: this Court possesses not jurisdiction to correct an errorless judgment or order. Estate of Clifton v. Southern Pac. Transp. Co., 709 S.W.2d 636, 639 (Tex. 1986); Davis v. Bryan & Bryan, Inc., 730 S.W.2d 643, 644 (Tex.1987).

There is one, and only one, way for this controversy to be moot: Claimant must forever forego its claims against Surety, arising out of this controversy. However, any such concession is conspicuously absent. As a result, Claimant's request for a rehearing should be denied.

WHEREFORE, PREMISES CONSIDERED, **PHILADELPHIA INDEMNITY INSURANCE CO.**, **Relator** in the above styled and numbered cause, respectfully prays that Real Party's Motion for Rehearing be **DENIED**, and for all other and further relief, either at law or in equity, to which Relator shows itself justly entitled.

Respectfully submitted,

__/s/__*Ricardo A. Ramos*_____
Ricardo A. Ramos, Attorney at Law
State Bar Number: 16508100
4712 N. McCall Rd., McAllen, Texas 78504
Tel: (956) 618-2214; Fax: (956) 618-2218
Email: raramoslaw@gmail.com

5

**KEITH C. LIVESAY**
State Bar No. 12437100
**LIVESAY LAW OFFICE**
BRAZOS SUITES NO. 9
517 West Nolana
McAllen, Texas 78504
(956) 928-0149
RGVAppellateLaw@yandex.com

Attorneys for Relator
**PHILADELPHIA INDEMNITY
INSURANCE COMPANY**

# CERTIFICATE OF COMPLIANCE

This is to certify that the above and foregoing document was generated utilizing Word 2007, with 14 point font (12 point for footnotes) and contains 1174 words.

__/s/__*Ricardo A. Ramos*_____
Ricardo A. Ramos, Attorney at Law

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served electronically and/or by facsimile transmission on the following in accordance with the Texas Rules of Appellate Procedure, to-wit:

Carlos A. Balido, 10440 North Central Expressway
Meadow Park Tower, Suite 1500 Dallas, TX. 75231
Ph. (214) 749-4805 Fax (214) 760-1670 Email: carlos.balido@wbclawfirm.com

John A. Rigney, 4712 N. McColl Rd. McAllen, TX. 78504
Ph. (956) 638-6421 Fax (956) 618-2218 Email: RigneyLaw@aol.com

Judge Dan Moore,
100 E. Tyler, Suite 207
Athens, Texas 75751

                                       __/s/__*Ricardo A. Ramos*_____
                                       Ricardo A. Ramos, Attorney at Law